# /10019

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAR 1 6 1998

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN RE DIET DRUGS (Phentermine/
Fenfluaramine/Dexfenfluramine)
PRODUCTS LIABILITY LITIGATION      :      MDL Docket No. 1203

## PRETRIAL ORDER NO. 20

### (Order for Preservation of Documents)

This Order governs the preservation of documents in all cases that are part of this coordinated proceeding.

1. **Definitions.**

   a. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A nonidentical copy is a separate document within the meaning of this term.

   b. "Diet Drugs" shall mean Fenfluramine, Dexfenfluramine and/or Phentermine, whether known as Pondimin, Redux or by any other brand or generic name.

2. **Scope.**

   a. This Order covers all Documents in the possession, custody or control of a party that contain information that is relevant to any claim or defense at issue in any case consolidated under MDL 1203 or appears reasonably calculated to lead to the discovery of evidence admissible in any case consolidated under MDL 1203.

   b. The persons subject to this Order shall be all parties and attorneys in any action consolidated herein, as well as their respective officers, agents, servants and employees,

1

and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise (collectively "Subject Persons").

3. **Preservation.**

   a. During the pendency of this litigation and for thirty (30) days after entry of a final order closing all cases, all Subject Persons are restrained and enjoined from altering, destroying or permitting the destruction of any Document within the scope of this Order that is in the possession, custody or control of a party, wherever such Document is located.

   b. The injunction set forth in paragraph 3(a) hereof shall not preclude the movement or change of location of any Document within the scope of this Order, *provided*, that such Document or an identical copy thereof remains in the possession, custody or control of a party and can be produced in response to a proper discovery request in this litigation.

   c. Counsel are directed to confer to resolve questions as to what documents are outside the scope of this Order or otherwise need not be preserved and as to an earlier date for permissible destruction of particular categories of documents. If counsel are unable to agree, any party may apply to the court for clarification or relief from this Order upon reasonable notice. A party failing to object in writing within 45 days after receiving written notice from another party that specified documents will be destroyed or otherwise altered pursuant to routine policies and programs shall be deemed to have agreed to such destruction.

4. **Exemptions.**

   a. Multiple identical copies of a Document, including photocopies and electronically-stored data, are not covered by this Order so long as the original Document or an identical copy thereof remains in the possession, custody or control of a party.

b.  Notwithstanding any other provisions of this Order, Subject Persons may generate Documents in the future without preserving dictation, drafts, interim versions, or other temporary compilations of information that would not be preserved in the ordinary course of business.

c.  This Order shall not cover briefs, motions, legal or factual memoranda, notes, or other similar materials created in anticipation of or during the course of any litigation concerning any of the Diet Drugs by or for any attorney representing any party to any case in this proceeding. Scientific or medical studies, whether conducted in anticipation of litigation or not, shall not be subject to the exemption of this paragraph 4(c).

d.  Nothing in paragraphs 4(b) or 4(c) shall exempt any plaintiff's medical or diagnostic records from the scope of this Order.

5.  **Implementation.**

Liaison counsel shall deliver a copy of this Order to counsel for all parties of record. Thereupon, counsel for each plaintiff or defendant shall provide written notice of this Order to each corporate or individual client whom counsel now or hereafter represents in any case which becomes part of the proceedings consolidated under MDL 1203. Such notice shall include a copy of this Order.

6.  **Discoverability and Admissibility**

Nothing in this Order shall be construed to affect the discoverability or admissibility of any Document within the scope of this Order.

DATED:

BY THE COURT:

_____
Louis C. Bechtle
Chief Judge Emeritus