# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/    :
Fenfluramine/Dexfenfluramine)    :     MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION    :

### PRETRIAL ORDER NO. 21

**FILED**

#### Deposition Guidelines

MAR 16 1998

MICHAEL E. KUNZ Clerk

Dep. Clerk

IT IS ORDERED that all depositions in the above-entitled matter be conducted in accordance with the following rules:

    1.    **Cooperation.**

        Counsel are expected to cooperate with, and be courteous to, each other and deponents.

    2.    **Attendance.**

        (a)   **Who May Be Present.**    Unless otherwise ordered under Fed.R.Civ.P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

        (b)   **Unnecessary Attendance.** Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

1

3.    **Conduct.**

(a)    **Scheduling.** Depositions should ordinarily be noticed 30 calendar days in advance of the date on which the deposition is to take place and counsel shall use their best efforts to cooperate in scheduling depositions.

(b)    **Examination.** In conducting depositions, the parties shall use their best efforts to avoid duplicative examination of the witness and shall cooperate in the allocation of time so that the  limits set or expected to be honored by the court are complied with.

(c)    **Objections and Directions Not to Answer.** Counsel shall comply with Fed.R.Civ.P. 30(d)(1).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.  All objections, except those as to form, are preserved.

(d)    **Private Consultation.** Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

(e)    **Furnishing Documents in Advance of Deposition.** Deposing counsel, shall, ten calendar days prior to the deposition, furnish deponent's counsel with a copy of all of the documents he or she, in good faith, expects to question the deponent about during

2

the deposition. Where the deponent is an employee of a defendant, the deposing counsel may furnish the deponent's counsel with a list designating the Bates numbers of all the documents he or she expects to question the deponent about during the deposition in lieu of furnishing deponent's counsel with the actual documents. Deponent's counsel may prepare the deponent for the deposition in keeping with all professional and ethical rules of practice (i.e., deponent shall answer all questions fully and truthfully). In addition to providing documents to the deponent's counsel ten days prior to the deposition (or furnishing the deponent's counsel with a list of Bates numbers of documents) pursuant to this paragraph, extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to the deponent at the deposition.

Pursuant to Rule 30(c), deposing counsel may notify deponent's counsel that he or she is withholding particular documents about which the deponent will be questioned if such documents may be withheld under F.R.E. 613(a).

4.   **Documents.**

(a)   **Production of Documents.**   Witnesses subpoenaed to produce documents should ordinarily be served at least 30 calendar days before the scheduled deposition. Arrangements should be made to permit inspection of the documents before the interrogation commences.

(b)   **Confidentiality Order.**   A copy of the Confidentiality Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that contain confidential information.

3

(c)     **Marking of Deposition Exhibits**. Documents shall be referred to by the Bates-stamp number assigned to the documents in this litigation.

5.     **Deposition of Witnesses Who Have No Knowledge of the Facts**. An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party a reasonable time before the date noticed an affidavit so stating and identifying a person or persons within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

6.     **Videotaped Depositions**.

By so indicating in its notice of a deposition, a party at its expense may record the deposition by videotape pursuant to Fed.R.Civ.P. 30(b)(2) and (3) subject to the following rules.

(a)     *Video Operator*.  The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed.R.Civ.P. 28(c).  At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(b)     *Attendance*. Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

(c)     *Standards*. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically

4

incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

(d)  *Filing.*  The operator shall preserve custody of the original videotape in its original condition until further order of the court. No part of the video or audio record of a videotaped deposition shall be  released or made available to any member of the public  unless authorized by the Court.

7.  **Telephonic Depositions.**  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7).  Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

8.   **Use; Supplemental Depositions**.

(a)   Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation --

(1)   who was present or represented at the deposition;

(2)   who had reasonable notice thereof; or

(3)   who, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

(b)   **Supplemental Depositions**. Parties added after the date on which a deposition has been taken and parties in cases filed, removed to, or transferred to this Court after the taking of a deposition may, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this court in any action that is part of this litigation), request permission from the Court for good cause shown to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically. If permitted by the Court, the deposition shall be treated as the resumption of the deposition originally noticed. Such examination shall not be repetitive of the prior examination of the witness.

BY THE COURT:

Louis C. Bechtle
Chief Judge Emeritus

6

#/ (κεεξ 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/            :
Fenfluramine/Dexfenfluramine)             :       MDL Docket No. 1203 **F I L E D**
PRODUCTS LIABILITY LITIGATION             :

PRETRIAL ORDER NO. 22

First Wave Discovery

MAR 2 3 1998
MICHAEL E. KUNZ, Clerk
By_____
_____ Dep. Clerk

This Order applies to all civil actions which are or become consolidated in MDL

No. 1203, including those which are originally filed in or transferred to and docketed in

the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407.

1.    **Discovery Initiation Date**   For purposes of this Order and for purposes of

discovery in MDL 1203, the Court establishes a "discovery initiation date" ("DID")

which is

(1)    April 1, 1998 for those civil actions that were originally filed in or

transferred to and docketed in the Eastern District of Pennsylvania before April 1, 1998

or

(2)    the first day of the month following the date that a civil action is

filed in or transferred to and docketed in the Eastern District of Pennsylvania to the extent

that such an event occurs on or after April 1, 1998.

2.    **Plaintiffs' Fact Sheets and Medical Authorizations**

(A)    Within forty-five days of the DID, each plaintiff shall deliver to

each defendant named in that plaintiff's complaint and to the Plaintiffs' Management

Committee ("PMC") a completed Fact Sheet, copies of each document to be furnished

along with the completed Fact Sheet as specified in Part VIII of the Fact Sheet, a completed List of Medical Providers and Other Sources of Information, completed authorizations all in the forms which are attached to this Order, and a list of any medical providers as to which plaintiff objects to use of such an authorization.

(B)   Prior to using any authorization furnished pursuant to the preceding paragraph in order to obtain medical records or other documents with respect to a plaintiff, the person using any such authorization shall provide the plaintiff's counsel or the plaintiff, if unrepresented, with the names of the persons to whom the authorizations will be addressed. In addition, if defendants propose to address an authorization to a medical provider or other third party not listed in a plaintiff's List of Medical Providers, plaintiff shall have ten (10) days in which to object to use of the authorization. In the event that a party has objected to the use of an authorization to obtain records from any medical providers or other third parties, the authorization shall not be used to request records from such medical provider or third party until the objection is resolved. Upon request of plaintiff's counsel, defendants' counsel shall provide copies of the records requested to plaintiff's counsel at a reasonable cost. Authorizations may not be used to obtain information other than documents and records.

(C) Plaintiffs' completion of the Fact Sheet, List of Medical Providers, and Authorizations and production of documents pursuant to this Order shall be under oath and shall be considered to be responses to interrogatories and requests for the production of documents under Rules 33 and 34 of the Federal Rules of Civil Procedure, but shall not preclude defendants from obtaining additional discovery from plaintiffs of a

non-duplicative nature. Plaintiffs' counsel reserve the right to object to defendants' future discovery requests on any proper ground.

      3.    **First Wave Discovery Addressed to Defendants**

      (A)    The PMC, on behalf of all plaintiffs, has served one set of comprehensive interrogatories and requests for production of documents on each defendant who is alleged to have manufactured, marketed or sold the diet drugs which are the subject of this litigation (other than medical providers, clinics, diet centers, and the like).

      (B)    Within twenty-one (21) days of the date of this Order, defendants shall serve any objections to such discovery requests.

      (C)    Thereafter, the parties shall meet and confer in a good faith effort to resolve Defendants' Objections to Plaintiffs' Interrogatories and Document Production Requests.

      (D)    A hearing is scheduled to take place before the Court on Apr. 21st, 1998 at 11:00 a.m. in Courtroom 17B, United States Courthouse, 601 Market Street, Philadelphia, PA 19106 to resolve any objections which have been made to plaintiffs' first wave discovery requests which the parties have been unable to resolve.

      (E)    Within forty-five (45) days of the April 1, 1998 DID, each defendant shall answer each of the plaintiffs' interrogatories which were not subject to objection. Interrogatories to which objections are raised and overruled shall be answered at such time as shall be determined by the Court.

(F)     Within thirty (30) days of the April 1, 1998 DID, each defendant shall make a substantial production to Plaintiffs' Document Depository of documents responsive to plaintiffs' Document Production Requests. Within thirty (30) days of such initial production, each defendant shall make a second substantial production of responsive documents. Within thirty (30) days of the second production, defendants shall make their final production of documents which are responsive to Plaintiffs' Document Production Requests. Fifteen days thereafter, each defendant shall provide a privilege log listing any documents withheld on a claim of attorney-client privilege and/or work product protection. For good cause shown, defendants may seek extensions of the dates in the preceding two sentences from the Court. Documents which are subject to a claim of privilege which is overruled or denied shall be produced at such time as shall be determined by the Court.

(G)     Any plaintiff who wishes to serve interrogatories and document production requests on any defendant who is a medical provider, diet center, clinic, or the like, may do so at any time provided that such requests are coordinated with and through the PMC which shall assure that discovery requests directed to such defendants are not duplicative. Any defendant may likewise serve such discovery.

(H.)    Defendants' Response to Plaintiffs' Interrogatories and Document Production Requests and the production of documents pursuant to the Self-Executing Disclosure Provisions of this Order shall not preclude plaintiffs from obtaining additional discovery from defendants of a non-duplicative nature. Defendants' counsel reserve the right to object to plaintiffs' future discovery requests on any proper ground.

4.      **Self-Executing Disclosures**

(A)      Within thirty (30) days of the April 1, 1998 DID, defendants shall provide the PMC with a copy of each and every document previously produced in any civil action involving fenfluramine, dexfenfluramine, and/or phentermine. This includes all discovery responses produced, all transcripts or records of any testimony given by way of affidavit, deposition, at a hearing or at trial, and all documents tendered for inspection and copying, which shall include all documents delivered to opposing parties in such litigation.

(B)      Within thirty (30) days of the April 1, 1998 DID, defendants shall provide plaintiffs with the documents and other information described in Fed.R.Civ.P. 26(a)(1)(D).

### 5.   **Third Party Document Production Requests**

Any party may request the production of documents by a third party through a Subpoena Duces Tecum. The party initiating such discovery shall ensure that the documents produced are given a distinct identifying number in the manner set forth in paragraph 6(C) of this Order and that a copy of all such documents are provided to Arnold Levin on behalf of plaintiffs and to Michael T. Scott for the defendants.

### 6.   **Plaintiffs' Document Depository**

(A)   The PMC is hereby authorized to establish and maintain a document depository and office at 414 Walnut Street, Philadelphia, Pennsylvania 19106.

(B)   With respect to any documents which defendants are required to produce pursuant to the terms of this Order or in response to a request for production of documents, one copy of the documents shall be delivered to the PMC's document depository and shall be maintained there pending further order of the court.

(C)   All documents produced by any defendant to the PMC depository shall be uniquely identified with an alpha numeric designation which shall be indelibly stamped on the documents in such a way as not to obliterate any text. This designation shall contain an alpha prefix followed by whole numbers assigned in numerical sequence for each document produced.

(D)   The detailed provisions concerning the operation of, and access to, the PMC depository will be the subject of a future Order of the Court. The Court's Order will assure, inter alia, that plaintiffs' attorneys in state court actions involving fenfluramine, dexfenfluramine, and/or phentermine will be entitled to review documents

in the PMC depository at no cost to the reviewing attorney and will be able to obtain copies of such documents at a price which will not exceed the reasonable cost of reproduction, provided that such plaintiffs' counsel agree to be bound by the terms of the Confidentiality Order governing MDL Docket No. 1203 or by the terms of a Protective Order of comparable scope entered in the state court litigation.

       7.    **Other Discovery**

       (A)    Depositions may be taken in order to preserve testimony in the circumstances addressed by Fed.R.Civ.P. 27.

       (B)    Except as provided in this Order, no additional discovery, including depositions, shall be taken until further Order of the Court.

BY THE COURT:

DATED:

Louis C. Bechtle
Chief Judge Emeritus

## COUNSEL

## THIS FACT SHEET WAS TO BE ATTACHED TO PTO #22 IN MDL 1203

## PLEASE ATTACH TO PTO #22



IN RE DIET DRUGS
PRODUCTS LIABILITY LITIGATION

MDL-1203

## PLAINTIFF'S FACT SHEET

This Fact Sheet and the attached List of Medical Providers and Other Sources of Information must be completed by each plaintiff in MDL 1203 who used diet drugs or who is the representative of a person or the estate of a deceased person who used diet drugs.

I.   **CASE INFORMATION**

    A.   Please state the following for the civil action which you filed:

        1.   Case Caption: _____

        2.   MDL Civil Action No.: _____

        3.   Court in which action originally brought (transferor district):

           _____

        4.   Original civil action number in the transferor court.

           Civil Action No.: _____

        5.   Please state name, address, telephone number, fax number and E-mail address of principal attorney representing you.

           _____
           Name

           _____
           Firm

           _____
           City, State and Zip Code

           _____
           Telephone number         Fax number

           _____
           E-mail address

    B.   If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

1. _____
   Your Name

2. _____
   Street Address

3. _____
   City, State and Zip Code

4. In what capacity are you representing the individual:

   _____

5. If you were appointed by a court, state the:

   _____
   Court                              Date of Appointment

6. Your relationship to deceased or represented person:

   _____

7. If you represent a decedent's estate, state the date of death of the decedent.

   _____

   **[If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person who used diet drugs. Those questions using the term "You" refer to the person who used the diet drugs. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.]**

C. Claim Information

   1. Do you claim that you have suffered a bodily injury as the result of the use of Pondimin (fenfluramine), Redux (dexfenfluramine) or phentermine?[1]

      Yes _____        No _____

   ---

   [1] For description of phentermine products see chart in Part VI.

2.   If the answer to the foregoing questions is "Yes", state the nature of the injury or injuries which you claim.

_____

_____

_____

3.   If you do not claim you have suffered a bodily injury as the result of the use of Pondimin, Redux and/or phentermine, state how you have been injured.

_____

_____

_____

## II.   PERSONAL INFORMATION

A.   Last Name: _____

First Name: _____

Middle Name or Initial: _____

B.   Maiden or other names used or by which you have been known:

_____

C.   Present Street Address: _____

_____
City                State              Zip Code

D.   Current or last employer:

_____
Name

_____
Address

_____
Dates of Employment

Occupation

E.   Social Security Number: _____

F.   Date of Birth: _____

G.   Sex:   Male _____         Female _____

H.   Have you ever served in any branch of the U.S. Military?

Yes _____   No _____

If yes, please state:

1.   What branch and the dates of service.

_____

2.   Were you discharged for any reason relating to your health or physical condition?

Yes _____   No _____

If yes, state what that condition was.

_____

I.   Have you ever been rejected from military service for any reason relating to your health or physical condition?

Yes _____   No _____

If yes, state what that condition was.

_____

J.   Have you ever filed a worker's compensation claim?

Yes _____   No _____

If yes, please state

1.   Year claim was filed: _____

- 4 -

2.    Where claim was filed: _____

3.    Claim/docket number, if applicable _____

4.    Nature of disability: _____

5.    Period of disability: _____

[Attach additional sheets if necessary to describe more than one claim]

K.    Have you ever filed a social security disability claim?

        Yes _____    No _____

If yes, please state

1.    Year claim was filed: _____

2.    Where claim was filed: _____

3.    Nature of disability: _____

4.    Period of disability: _____

[Attach additional sheets if necessary to describe more than one claim]

L.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?

        Yes _____    No _____

If so, state the court in which such action was filed and the civil action or docket number assigned to each such claim, action or suit.

_____

_____

M.    Have you been convicted of a felony within the last 10 years?

        Yes _____    No _____

## III.  FAMILY INFORMATION

A.  Are you currently married?

Yes _____   No _____

B.  Has your spouse filed a loss of consortium claim?

Yes _____   No _____

C.  Spouse's name: _____

D.  Spouse's date of birth: _____

E.  Spouse's occupation: _____

F.  Has any parent, grandparent or sibling been diagnosed with heart, lung, or liver problems?

Yes _____   No _____   I Don't know _____

If yes, identify each such person below and provide the information requested.

1.  Name _____

Current Age (or Age at Death) _____

Type of Problem _____

If Applicable, Cause of Death _____

2.  Name _____

Current Age (or Age at Death) _____

Type of Problem _____

If Applicable, Cause of Death _____

3.  Name _____

Current Age (or Age at Death) _____

Type of Problem _____

If Applicable, Cause of Death _____

## IV.  CURRENT MEDICAL CONDITION

A.  Do you currently suffer from any physical injuries, illnesses or disabilities?

   Yes _____    No _____

B.  If the answer is yes, please state the following:

   1.  Identify the injury, illness, or disability and date of onset:

   _____   _____

   Injury, illness or disability          Date of onset

   2.  By whom first diagnosed:

   _____   _____

   Name                        Address (if not otherwise provided)

## V.  MEDICAL BACKGROUND

A.  Height: _____   _____

B.  Weight before use of Pondimin, Redux or phentermine:

   _____

C.  Current weight: _____

D.  To the best of your knowledge, have you ever used any of the following?

|  | Substance | Date First Taken | Date Last Taken |
|---|---|---|---|
| 1. | Oral contraceptives | | |
|  | Yes ____  No ____ | ___ / ___ | ___ / ___ |
| 2. | Antidepressants | | |
|  | Yes ____  No ____ | ___ / ___ | ___ / ___ |

| Substance | Date First Taken | Date Last Taken |
|---|---|---|

3.   Heart medications

   Yes _____   No _____        ___/___/___        ___/___/___

4.   Blood pressure medication

   Yes _____   No _____     .  ___/___/___        ___/___/___

5.   Thyroid supplements

   Yes _____   No _____        ___/___/___        ___/___/___

6.   Diuretics

   Yes _____   No _____        ___/___/___        ___/___/___

7.   Non-prescription intravenous injections

   Yes _____   No _____        ___/___/___        ___/___/___

8.   Any use of cocaine, crack cocaine, or heroin or use of marijuana on
   more than 4 occasions

   Yes _____   No _____        ___/___/___        ___/___/___

9.   Amphetamines

   Yes _____   No _____        ___/___/___        ___/___/___

10.   Inhaled non-prescription substance (e.g., inhalation of glue or toluene)

   Yes _____   No _____        ___/___/___        ___/___/___

11.   Methysergide (Sansert)

   Yes _____   No _____        ___/___/___        ___/___/___

12.   Ergotamine preparations (Cafergot)

   Yes _____   No _____        ___/___/___        ___/___/___

| Substance | Date First Taken | Date Last Taken |
|---|---|---|

13.   L-tryptophan

Yes _____   No _____       /   /         /   /

14.   Any medication for migraine headaches

Yes _____   No _____       /   /         /   /

If yes, identify the medication _____

E.   Have you used prescription medications (other than Pondimin, Redux or phentermine), herbal preparations, or over the counter products to control or reduce your weight

Yes _____   No _____

If yes, state

| product | approx. dates of use |
|---|---|
| product | approx. dates of use |
| product | approx. dates of use |

F.   Smoking history [check whichever is applicable]

1.   never smoked cigarettes _____

2.   past smoker of cigarettes _____

date on which smoking ceased _____

amount smoked: _____ packs per day for _____ years

3.   current smoker of cigarettes _____

amount smoked: _____ packs per day for _____ years

G.    Drinking history

    1.    Do you now or have you in the past drunk alcohol (beer, wine, whiskey, etc.)?

          Yes _____   No _____

        If yes, check the following box which represents your greatest alcohol consumption over an extended period.

          _____ 1-5 drinks per week
          _____ 6-10 drinks per week
          _____ 15 or more drinks per week

H.    To the best of your knowledge, have you ever experienced any of the following?

    1.    Shortness of breath not associated with vigorous exercise    Yes _____   No _____

    2.    Persistent or recurrent pain in your chest    Yes _____   No _____

    3.    Irregular heart beat, including heart palpitations, tachycardia and bradycardia    Yes _____   No _____

    4.    Abnormal lack of energy    Yes _____   No _____

    5.    Fainting, dizziness or lightheadedness    Yes _____   No _____

    6.    Sleep apnea, other sleep breathing disorder, or difficulty breathing    Yes _____   No _____

    7.    Snoring    Yes _____   No _____

    8.    Head pounding    Yes _____   No _____

    9.    Significant swelling of ankles other than during pregnancy    Yes _____   No _____

    10.   Memory loss    Yes _____   No _____

    11.   Arthritis or joint pain    Yes _____   No _____

I.    If you claim psychological or emotional injury as a consequence of diet drugs, state whether you have experienced or been treated for any psychological, psychiatric or emotional problem prior to the use of Pondimin, Redux or phentermine.

Yes \_\_\_\_\_     No \_\_\_\_\_

If yes, state:

1.    Name and address of each person who treated you

a.    _____
      Name

      _____
      Address (if not otherwise provided)

b.    _____
      Name

      _____
      Address (if not otherwise provided)

c.    _____
      Name

      _____
      Address (if not otherwise provided)

2.    Condition for which treated

_____

3.    When treated

_____

J.    To the best of your knowledge, have you ever been told by a doctor or any other person, that you have, may have or had any of the following:

| | | | | |
|---|---|---|---|---|
| 1. | Hypertension or high blood pressure | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 2. | Heart murmur | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 3. | Heart attack | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 4. | Stroke | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 5. | Blood clot to the lung (pulmonary embolism) | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 6. | Blood clot in the leg and/or phlebitis | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 7. | Chronic lung disease | Yes \_\_\_\_\_ | No \_\_\_\_\_ |

| | | | |
|---|---|---|---|
| 8. | Interstitial parasitic lung disease | Yes _____ | No _____ |
| 9. | Congenital abnormality of heart | Yes _____ | No _____ |
| 10. | Congenital abnormality of lungs, thorax or diaphragm | Yes _____ | No _____ |
| 11. | Hypoxia | Yes _____ | No _____ |
| 12. | Portal hypertension | Yes _____ | No _____ |
| 13. | Pulmonary vasculitis | Yes _____ | No _____ |
| 14. | Immune system disease or dysfunction (including Aids or HIV) | Yes _____ | No _____ |
| 15. | Rheumatic fever | Yes _____ | No _____ |
| 16. | Cirrhosis, hepatitis or other liver disease | Yes _____ | No _____ |
| 17. | Alcoholism | Yes _____ | No _____ |
| 18. | Carcinoid syndrome | Yes _____ | No _____ |
| 19. | Other Cancer If yes, specify:_____ | Yes _____ | No _____ |
| 20. | Pulmonary hypertension | Yes _____ | No _____ |
| 21. | Pulmonary venous hypertension | Yes _____ | No _____ |
| 22. | Primary pulmonary hypertension | Yes _____ | No _____ |
| 23. | Heart valve lesions | Yes _____ | No _____ |
| 24. | Heart valve prolapse or regurgitation | Yes _____ | No _____ |
| 25. | Neurological problem If yes, specify:_____ | Yes _____ | No _____ |
| 26. | Ankylosing spondylitis | Yes _____ | No _____ |
| 27. | Altitude heart disease | Yes _____ | No _____ |
| 28. | Cardiac arrhythmias | Yes _____ | No _____ |
| 29. | Collagen vascular disease | Yes _____ | No _____ |
| 30. | Endocarditis | Yes _____ | No _____ |
| 31. | Eosinophilia-myalgia syndrome (EMS) | Yes _____ | No _____ |
| 32. | High cholesterol | Yes _____ | No _____ |
| 33. | Hypertriglyceridemia | Yes _____ | No _____ |
| 34. | Increased levels of low density lipo protein cholesterol (LDL's) | Yes _____ | No _____ |
| 35. | Marfan's Syndrome | Yes _____ | No _____ |
| 36. | Mediastinal Fibrosis | Yes _____ | No _____ |
| 37. | Mediastinal Stenosis | Yes _____ | No _____ |
| 38. | Raynaud's Disease | Yes _____ | No _____ |
| 39. | Anorexia | Yes _____ | No _____ |
| 40. | Bulimia | Yes _____ | No _____ |
| 41. | Diabetes mellitus or other form of diabetes If yes, specify the type:_____ | Yes _____ | No _____ |
| 42. | Hypoglycemia (low blood sugar) | Yes _____ | No _____ |

| | | | | |
|---|---|---|---|---|
| 43. | Gall bladder disease | Yes \_\_\_\_ | No \_\_\_\_ |
| 44. | Kidney disease | Yes \_\_\_\_ | No \_\_\_\_ |
| 45. | Dermatomyositis | Yes \_\_\_\_ | No \_\_\_\_ |
| 46. | Lupus | Yes \_\_\_\_ | No \_\_\_\_ |
| 47. | Rheumatoid Arthritis | Yes \_\_\_\_ | No \_\_\_\_ |
| 48. | Connective Tissue Disease | Yes \_\_\_\_ | No \_\_\_\_ |
| 49. | Scleroderma | Yes \_\_\_\_ | No \_\_\_\_ |
| 50. | Other autoimmune disease | Yes \_\_\_\_ | No \_\_\_\_ |
| | If yes, specify:_____ | | |

_____

| | | | | |
|---|---|---|---|---|
| 51. | Scarlet fever | Yes \_\_\_\_ | No \_\_\_\_ |
| 52. | Sickle Cell Anemia | Yes \_\_\_\_ | No \_\_\_\_ |
| 53. | Syphilis | Yes \_\_\_\_ | No \_\_\_\_ |
| 54. | Thyroid disorder | Yes \_\_\_\_ | No \_\_\_\_ |
| 55. | Non Malignant Tumors | Yes \_\_\_\_ | No \_\_\_\_ |
| 56. | Asthma or emphysema | Yes \_\_\_\_ | No \_\_\_\_ |
| 57. | Coronary artery disease | Yes \_\_\_\_ | No \_\_\_\_ |
| 58. | Other heart or lung disease | Yes \_\_\_\_ | No \_\_\_\_ |
| 59. | Gum disease | Yes \_\_\_\_ | No \_\_\_\_ |

K.   If you responded yes to any of the above, please identify the condition, the date of onset and state the name of the physician or other person and, if not provided in the accompanying list, the address of the physician who made the diagnosis or informed you of the condition.

1.   Condition:_____   _____

Onset: _____

Name and address of diagnosing physician or other person:

_____

2.   Condition:_____

Onset: _____

Name and address of diagnosing physician or other person:

_____

3.   Condition:_____

Onset: _____

Name and address of diagnosing physician or other person:

_____

4.     Condition: _____

Onset: _____

Name and address of diagnosing physician or other person:

_____

L.     Please indicate whether you have received any of the following treatments:

1.     Heart, lung or other chest surgery      Yes _____   No _____

For what condition?

_____

When? _____

Treating physician:

_____

2.     Treatment for heart attack or angina      Yes _____   No _____

For what problem?

_____

When? _____

Treating physician:

_____

3.     Pacemaker                               Yes _____   No _____

When? _____

Treating physician:

_____

4.   By-pass surgery                              Yes _____   No _____

     When? _____

     Treating physician:

     _____

M.   Have you ever received any traumatic injury to your chest?

     Yes _____   No _____

     If yes, state when and describe the injury.

     _____        _____
     Injury                   When

N.   To the best of your knowledge, state whether any of the following tests were
     administered BEFORE your use of Pondimin, Redux and/or phentermine.

     1.   Echocardiogram                     Yes _____   No _____
     2.   Electrocardiogram                  Yes _____   No _____
     3.   Cardiac or pulmonary
          artery catheterization             Yes _____   No _____
     4.   Pulmonary function test            Yes _____   No _____
     5.   Perfusion lung scan                Yes _____   No _____
     6.   Chest x-ray                        Yes _____   No _____
     7.   Arterial, cardiac or
          pulmonary angiogram                Yes _____   No _____
     8.   Cardio-pulmonary or
          thallium stress test               Yes _____   No _____
     9.   Other diagnostic test or
          imaging of the heart,
          lungs, or pulmonary
          arteries or arterial pressure  Yes _____   No _____

O.   For each test for which you answered yes, identify the treating physician and
     approximate date of the test.

     _____        _____
     Treating Physician       Approximate date

- 15 -

P.   If an echocardiogram was taken BEFORE your use of Pondimin, Redux and/or phentermine, complete the following chart as to the results or attach a copy of the test report:

|  | None | Trace | Mild | Moderate | Severe |
|---|---|---|---|---|---|
| Mitral Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Tricuspid Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Aortic Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Pulmonary Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |

Q.   To the best of your knowledge, state which of the following tests was administered AFTER your use of Pondimin, Redux or phentermine.

| | | | |
|---|---|---|---|
| 1. | Echocardiogram | Yes _____ | No _____ |
| 2. | Electrocardiogram | Yes _____ | No _____ |
| 3. | Cardiac or pulmonary artery cathetcrization | Yes _____ | No _____ |
| 4. | Pulmonary function test | Yes _____ | No _____ |
| 5. | Perfusion lung scan | Yes _____ | No _____ |
| 6. | Chest x-ray | Yes _____ | No _____ |
| 7. | Arterial, cardiac or pulmonary angiogram | Yes _____ | No _____ |
| 8. | Cardio-pulmonary or thallium stress test | Yes _____ | No _____ |
| 9. | Other diagnostic test or imaging of the heart, lungs, or pulmonary arteries or arterial pressure | Yes _____ | No _____ |

R.   For each test for which you answered yes, identify the treating physician and approximate date on which the tests were done.

_____   _____

Treating Physician              Approximate date

S.   If an echocardiogram was taken AFTER your use of Pondimin, Redux and/or phentermine, complete the following chart as to the results or attach a copy of the test results:

|  | None | Trace | Mild | Moderate | Severe |
|---|---|---|---|---|---|
| Mitral Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Tricuspid Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Aortic Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |
| Pulmonary Valve Regurgitation | ___ | ___ | ___ | ___ | ___ |

## VI.   DIET DRUG USE

A.   Please complete the following chart with respect to each diet medication you have taken: [if you took more than one type of phentermine product, please complete this chart, including a description, for each separate phentermine product].

| Drug Name: Generic/Brand | Description: Color/Shape/Writing/Name | Approximate Date First Taken | Approximate Date Last Taken | Prescribed/Dispensed by:(Doctor or Clinic) |
|---|---|---|---|---|
| dexfenfluramine/ Redux | 15 mg. capsule: white cap with black stripe; "REDUX" | | | |
| fenfluramine/Pondimin | orange round tablet; 20 mg. | | | |
| phentermine | | | | |
| phentermine | | | | |
| phentermine | | | | |

B.   If you took phentermine, please state the brand name(s) and manufacturer/distributor of the phentermine product(s) you took, to the extent known to you.

1.   Brand Name:_____

Manufacturer/Distributor_____

2.   Brand Name:_____

Manufacturer/Distributor_____

C.   If you took phentermine, please check the description of each phentermine product which you took.

1.  white capsule with blue cap; "Adipex-P" - "37.5" on cap and two dark stripes on body _____

2.  white caplet with blue spots; 37.5 mg.; "LEMMON" - "99" with center score _____

3.  Peanut shaped, green tablet imprinted with "S" on both sides; 37.5 mg. _____

4.  30 mg.; blue and clear capsule with blue and white beads; imprinted with "BMP 147," "Fastin" and/or "Beecham" _____

5.  white tablet with blue dots; oval; 37.5 mg. _____

6.  green round tablet; 8 mg. _____

7.  orange round tablet; 8 mg. _____

8.  yellow oblong tablet; 37.5 mg. _____

9.  black-yellow capsule; 37.5 mg. _____

10. black-black capsule; 37.5 mg. _____

11. brown-clear capsule; 37.5 mg. _____

12. green-clear capsule; 37.5 mg. _____

13. red-black capsule; 37.5 mg. _____

14. yellow-yellow capsule; 37.5 _____

15. yellow-yellow capsule; 30 mg. _____

16. green-clear capsule; 30 mg. _____

17. brown-clear capsule; 30 mg. _____

18. black-black capsule; 30 mg. _____

19. blue-clear capsule; 30 mg. _____

20. gray-yellow capsule; 15 mg. _____

21. yellow-gray capsule; 18.75 mg. imprinted "18.75" _____

22. yellow-gray capsule; 15 mg.; imprinted "E882" _____

23. yellow-yellow capsule; 30 mg.; imprinted "E647" _____

24. blue-white gel capsule; "E5000"; 30 mg. _____

25. 37.5 mg. tablet with blue dots _____

26.  Resin; yellow-yellow capsule imprinted with
     "IONAMIN 30"                                          _____

27.  Resin; yellow-gray capsule imprinted with
     "IONAMIN 15"                                          _____

28.  Hard yellow gel capsule; 30 mg.; "RPC-69"            _____

29.  green-clear gel capsule; 37.5 mg.; imprinted
     "ABANA" and "217"                                     _____

30.  black capsule                                        _____

31.  yellow capsule                                       _____

32.  yellow-gray capsule                                  _____

33.  blue-clear capsule                                   _____

34.  black gel capsule; 30 mg.; imprinted "Zantryl"       _____

35.  Other:

     Please
     describe:_____

     _____

     _____

36.  I can't remember what the product looked like         _____

D.   For each diet drug used by you, set forth the approximate date of any product
     change or any change or interruption in dosage.

| Product | Dosage Change/Interruption/ Product Change | Approximate Date |
|---------|--------------------------------------------|------------------|
| Product | Dosage Change/Interruption/ Product Change | Approximate Date |
| Product | Dosage Change/Interruption/ Product Change | Approximate Date |

E.   Did you lose weight while on Pondimin, Redux or Phentermine?

_____Yes   _____No

If the answer is yes, state the amount of weight you lost _____ and state the period during which the weight loss was achieved_____.

F.   State your high and low weight over the past ten years.

High_____lbs.   Approximate Date_____

Low_____lbs.   Approximate Date_____

## VII.   INJURY CLAIMS

A.   1.   Have you had discussions with any doctor about whether your condition is related to the use of diet drugs?

Yes _____   No _____   Don't know _____

2.   If yes, check one of the following:

a.   I was told my condition is related to the use of diet drugs _____.

b.   I was told my condition is not related to the use of diet drugs _____.

c.   I was told my condition may be related to the use of diet drugs _____.

d.   I was told by the doctor that he does not know whether my condition is related to the use of diet drugs _____.

e.   I don't recall what I was told _____.

3.   Identify the doctor or doctors

_____

Name
_____

Address (if not otherwise provided)

- 20 -

4.    If discussed with more than one doctor, please copy and complete Parts 2 and 3 for each.

B.    State whether you requested that any doctor or clinic provide you with diet drugs, and, if yes, identify the drug requested.

Yes _____    No _____

If yes, identify the drug requested _____

C.    Were you given any written instructions or warnings regarding the use of Pondimin, Redux and/or phentermine?

Yes _____    No _____

If yes, state when the written instructions or warnings were given and identify each person or entity from whom you received the warnings or instructions.

_____

Approximate date

_____

Name of person or entity (and address if not otherwise provided)

D.    Were you given any oral instructions or warnings regarding the use of Pondimin, Redux and/or phentermine?

Yes _____    No _____

If yes, state when the written instructions or warnings were given and identify each person or entity from whom you received the warnings or instructions.

_____

Approximate date

_____

Name of person or entity (and address if not otherwise provided)

E.    If you claim or expect to claim that you lost earnings or impairment of earning capacity as a result of any condition which you believe was caused by your use of diet drugs:

1.    Complete the following information with respect to your employment

for the past ten years.

| Employers for Past Ten Years | Address | Type of Business/Position | Dates of Employment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2. State the total amount of time which you have lost from work as a result of any condition which you claim or believe was caused by your use of diet drugs and the amount of income which you lost.

_____

_____

3. State your earned income for each of the last five years.

Year   Income

_____  $_____
_____  $_____
_____  $_____
_____  $_____
_____  $_____

F. Have you paid or incurred any medical expenses, including amounts billed or paid by insurers and other third party payors, which are related to any condition which you claim or believe was caused by your use of diet drugs and for which you seek recovery in the action which you have filed?

Yes _____   No _____

If yes, state the total amount of such expenses at this time.  $_____

## VIII. DOCUMENTS

Attach the following documents to this declaration, to the extent that such documents are currently in your possession or in the possession of your lawyers.

A.      A copy of all prescriptions for diet medications, exemplars of any unused diet medications you received as a result of such prescriptions, receipts, physician or office records, drug containers, packaging and other records which show each diet drug you have taken, the period during which you have taken each, the dosage of each diet drug and the frequency with which you took each drug.

B.      A copy of all medical records from any physician, hospital or health care provider, who treated you for any disease, condition or symptom referred to in your response to questions in Part V.

C.      To the extent not included in the foregoing, all records relating to any examination by a physician or other health care provider, conducted for any purpose, other than psychiatric or psychological evaluation, in the period beginning five (5) years prior to the date upon which you first used phentermine, Pondimin or Redux and continuing to date.

D.      If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.

E.      All diagnostic tests or test results including reports of echocardiograms.

F.      Copies of all documents from physicians, health or weight loss clinics or others relating to the use of diet drugs, or to any condition you claim is related to the use of diet drugs.

G.      All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, height and weight charts, pharmacy handouts or other materials distributed with or provided to you when your prescriptions for diet medications were filled.

H.      All documents in the nature of records regarding weight gain and weight loss such as charts recording weight loss, diaries of weight loss efforts, notes or descriptions of medicines or other substances used to control or reduce your weight, and the like.

I.      Copies of all advertisements or promotions for diet drugs.

J.      **TEN ORIGINAL SIGNED** authorizations for the release of records in the form appended hereto.

K.      If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the last five (5) years.

L.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other health care provider.

## DECLARATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, information and belief, that I have supplied all the documents requested in part VII of this declaration, to the extent that such documents are in my possession or in the possession of my lawyers, and that I have supplied the authorizations attached to this declaration.

_____        _____
            Signature                              Date

\0557050\FACSHEET.03

## IN RE DIET DRUGS
## (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE)
## PRODUCTS LIABILITY LITIGATION
## MDL 1203

## LIST OF MEDICAL PROVIDERS
## AND OTHER SOURCES OF INFORMATION

EACH PLAINTIFF IN MDL 1203 WHO IS REQUIRED TO COMPLETE A DECLARATION MUST FULLY AND ACCURATELY COMPLETE THIS FORM LISTING MEDICAL CARE PROVIDERS AND OTHER SOURCES OF INFORMATION AS REQUESTED.

List the name and address of each of the following:

A.     **Your current family physician:**

_____
Name

_____
Street Address

_____
City, State, Zip Code

B.     To the best of your ability, identify each of your primary care physicians for the last twenty years.

1.

_____     _____
Name                                   Approximate dates

_____
Last known address

_____
City, State, Zip Code

2.

_____     _____
Name                                   Approximate dates

_____
Last known address

_____
City, State, Zip Code

3.

Name                                                    Approximate dates

Last known address

City, State, Zip Code

4.

Name                                                    Approximate dates

Last known address

City, State, Zip Code

C.   Each **cardiologist, pulmonary physician** and/or **heart, lung or chest surgeon** who has
ever seen or treated you.

1.

Name

Specialty

Street Address

City, State, Zip Code

2.

Name

Specialty

Street Address

City, State, Zip Code

3.

Name

Specialty

_____
Street Address

_____
City, State, Zip Code

4.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

D.   Each **hospital** where you have received **inpatient** treatment during the last ten years.

1.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

2.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

3.

_____
Name

_____
Specialty

_____
Street Address

City, State, Zip Code

E.   Each **hospital or healthcare facility** where you have received **outpatient** treatment
(including treatment in an emergency room) during the last ten years.

1.

Name

Specialty

Street Address

City, State, Zip Code

2.

Name

Specialty

Street Address

City, State, Zip Code

3.

Name

Specialty

Street Address

City, State, Zip Code

4.

Name

Specialty

Street Address

City, State, Zip Code

5.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code


F.     Each other **physician or healthcare provider** from whom you have received treatment
       in the last ten years with the exception of psychiatrists or psychologists.

1.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

2.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

3.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

4.

Name

Specialty

Street Address

City, State, Zip Code

5.

Name

Specialty

Street Address

City, State, Zip Code

6.

Name

Specialty

Street Address

City, State, Zip Code

7.

Name

Specialty

Street Address

City, State, Zip Code

8.

Name

Specialty

_____
Street Address

_____
City, State, Zip Code

9.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code

10.

_____
Name

_____
Specialty

_____
Street Address

_____
City, State, Zip Code


G.   Each **pharmacy, drugstore** and the like where you have had prescriptions filled during the past ten years or from which you have ever received any prescription medication taken to control or reduce your weight:

1.

_____
Name

_____
Street Address

_____
City, State, Zip Code

2.

_____
Name

_____
Street Address

_____
City, State, Zip Code

3.

_____

Name

_____

Street Address

_____

City, State, Zip Code

4.

_____

Name

_____

Street Address

_____

City, State, Zip Code

5.

_____

Name

_____

Street Address

_____

City, State, Zip Code

H.     **If but only if** you claim that you suffered neurotoxic, psychological or emotional injuries as a result of taking diet drugs, list each **psychiatrist, psychologist and/or social worker** from whom you have received treatment during the last ten years

1.

_____

Name

_____

Street Address

_____

City, State, Zip Code

2.

_____

Name

_____

Street Address

_____

City, State, Zip Code

3.

_____

Name

_____

Street Address

_____

City, State, Zip Code

I.      If you have submitted a claim **for social security disability benefits** in the last ten years, state the name and address of the office which is most likely to have records concerning your claim.

_____

Name

_____

Street Address

_____

City, State, Zip Code

J.      If you have submitted a claim for **workers compensation**, state the name and address of the office which is most likely to have records concerning your claim.

_____

Name

_____

Street Address

_____

City, State, Zip Code

## [ATTACH ADDITIONAL SHEETS, IF NECESSARY, TO COMPLETE EACH SUBSECTION]

\005570S0\ATTACHME.01

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/ : 
Fenfluramine/Dexfenfluramine) : MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION :

AUTHORIZATION

To: _____
Name

_____
Address

_____
City, State and Zip Code

This will authorize you to furnish copies of all medical
records, reports, radiographic films, prescription records,
echocardiographic recordings, written statements, employment
records, wage records, disability records, medical bills, and
other documents in your possession concerning _____

_____
Name of Patient

whose date of birth is _____ and whose social security

number is _____.

You are authorized to release the above records to the
following representatives of defendants in the above-entitled
matter who has agreed to pay reasonable charges made by you to
supply copies of such records.

_____
Name of Representative

_____
Representative Capacity (e.g. attorney, records requestor,
agent, etc.)

_____
Street Address

_____
City, State and Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgment at the bottom of this authorization.

Date: _____

_____
Patient or Guardian Signature

Date: _____

_____
Witness Signature

## ACKNOWLEDGMENT

The undersigned, as the record requestor named in the above medical authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746 the attorney for the patient named in the foregoing medical authorization has been given fifteen (15) days advance notice that the authorization will be used to request records from the person or entity to whom it is addressed and has been afforded an opportunity to object to the request and to order copies of the records requested from the undersigned requestor at a reasonable cost.

_____

\30557\OSC\AUTHCR.01

- 2 -