# 7/00022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL DOCKET NO. 1203 |
| THIS ACTION RELATES TO: | : : | |
| DEANNA L. WATKINS and RANDALL W. WATKINS | : : | CIVIL ACTION |
| v. GATE PHARMACEUTICALS, a division of TEVA PHARMACEUTICALS, SMITHKLINE BEECHAM CORPORATION, ZENITH GOLDLINE PHARMACEUTICALS, INC., ABANA PHARMACEUTICALS, INC., is a subsidiary of JONES MEDICAL INDUSTRIES, INC., SHIRE RICHWOOD, INC., ION LABORATORIES, INC., MEDEVA PHARMACEUTICALS, INC., CAMALL COMPANY, FISONS CORPORATION, ROBERTS PHARMACEUTICAL CORPORATION PARMED PHARMACEUTICALS, INC., is a subsidiary of ALPHARMA, INC., EON LABS MANUFACTURERS, INC., JONES MEDICAL INDUSTRIES INC., THE UPJOHN COMPANY, REXAR PHARMACAL, a division of SHIRE RICHWOOD, INC. | : : : : : : : : : : : : : : : : : : : : : | NO. 98-20149 |

**F I L E D**

MAR 2 3 1998

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

## PRETRIAL ORDER NO. 23

AND NOW, TO WIT, this 23rd day of March, 1998,

presently before the court is a Motion to Dismiss defendants

SmithKline Beecham Corporation, Medeva Pharmaceuticals, Inc. and

Fisons Corporation.[1]  The court expects there will be many

motions filed either in a transferor court before a case is

---

1.  SmithKline Beecham Corporation's Motion to Dismiss is Docket No. 200009 and the Motion to Dismiss of Medeva Pharmaceuticals, Inc. and Fisons Corporation's Docket No. is 200027.  For purposes of this memorandum, the court will treat these motions as one.

1

transferred here or in this transferee court, that essentially take the same position as the defendants take in the instant motion. Presumably, these motions will be somewhat uniform and the court intends that this Order apply to similar motions.

Plaintiff filed a Complaint in the transferor court on October 15, 1997, which was thereafter amended on December 12, 1997. The amendment dropped a defendant and added certain others. On January 28, 1998, the case was transferred to this court, and shortly thereafter, the instant motion was filed. The essence of the plaintiff's complaint is that she is a citizen of Arizona and her claim is against defendants who are citizens of states other than Arizona. She also claims a sum in excess of the jurisdictional amount in controversy requirement. She alleges that, prior to April, 1997, she received prescriptions for and ingested phentermine. Plaintiff further alleges that as a direct or proximate result thereof in April, 1997 she experienced difficulty with dyspnea and sustained valvular damage that required open heart surgery. Plaintiff asserts that, as a result, she will require medication for the rest of her life.[2] Her claims are based on legal theories of negligence, failure to warn and distribution of a defective product and/or a product that was of defective design. Plaintiff also alleges breach of express and implied warranties, negligent misrepresentation and a violation of the Arizona Consumer Protection Act.

The moving defendants seek to have the case dismissed on the

_____

2.   Her husband claims damages for loss of consortium.

ground that the plaintiff has only generally identified those defendants in the causes of action or allegations of causation. The defendants argue that the plaintiff does not allege which of the named fourteen defendants produced the product which she ingested.   They assert that she simply alleges broadly that all defendants produce phentermine.   Defendants Medeva and Fisons state that they have not produced any products under the brand name "phentermine" but rather marketed a product under the trade name of "Ionamin."   SmithKline says that its product was marketed under the trade name of "Fastin."

It is true that the plaintiff generally identifies each defendant in the complaint and then alleges that all the defendants were engaged in the conduct about which she complains and that the product which she ingested, from whichever defendant or defendants it came, caused the injury for which she seeks damages.   However, it should be perfectly plain to the defendants that the Motion is premature.

In the first place, the defendants allege facts which at this very early stage the court cannot consider.   These facts may be true but this is neither the time nor the method to raise them.   Indeed, these types of facts, if they are as the defendants contend, are usually embodied in documents that, in this case, would presumably be very current and presumably unassailable.   It is likely that the parties will eventually stipulate to such documents.

Respecting the plaintiff's allegations of liability of and

3

among the defendants she names, she must be considered to be on sound ground in doing so without the knowledge of precise facts that will follow reasonable discovery, provided, she has the evidentiary support for her allegations as required by Rule 11 of the Federal Rules of Civil Procedure.

The notion of notice pleading in the federal system envisions that a plaintiff does not need to have all of his/her proof at the time the complaint is prepared. Those facts that a plaintiff has an evidentiary basis to believe have merit, but insufficient to be deemed ultimate proof at the pleading stage, are permitted to be pled as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal pleading scheme, looked at as a whole, envisions prompt notice pleading to be followed by the opportunity for discovery, which provides for a narrowing of the issues including the identification of which defendants plaintiff has a claim against.

In <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), the Supreme Court set forth the guiding principles of notice pleading. The Court stated that:

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

4

_Id._ at 47.  The court further explained that "[t]he Federal Rules
[of Civil Procedure] reject the approach that pleading is a game
of skill in which one misstep by counsel may be decisive to the
outcome and accept the principle that the purpose of pleading is
to facilitate a proper decision on the merits." _Id._ at 48; _see
also_ _Leatherman v. Tarrant County Narcotics Intelligence &
Coordination Unit_, 507 U.S. 163, 168 (1993)(quoting _Gibson v.
Conley_); _Klimes v. Stone_, 84 F.3d 1121, 1129 (9th Cir.
1996)("All that is required is that the complaint gives defendant
fair notice of what the plaintiff's claim is and the ground upon
which it rests."); _Vector Research, Inc. v. Howard & Howard
Attorneys P.C._, 76 F.3d 692, 697 (6th Cir. 1996)(stating same);
_Brownlee v. Conine_, 957 F.2d 353, 354 (7th Cir. 1992)(explaining
that Federal Rules of Civil Procedure establish a system of
notice pleading rather than fact pleading); _Lone Star Indus.,
Inc. v. Horman Family Trust_, 960 F.2d 917, 921-22 (10th Cir.
1992)(following notice pleading standard); _Torres Ramirez v.
Bermudez Garcia_, 898 F.2d 224, 227 (1st Cir. 1990)(stating
purpose of pleading is to give parties adequate notice of claims
and grounds on which they rest); _Walker v. South Cent. Bell Tel.
Co._ 904 F.2d 275 (5th Cir. 1990)(concluding that notice is
touchstone by which motion to dismiss under Fed. R. Civ. P.
12(b)(6) must be adjudicated); _Gooding v. Warner-Lambert Co._,
744 F.2d 354, 358 (3d Cir. 1984)(stating highly technical
pleading rules, which only serve to trap the unwary practitioner,
are eschewed in favor of a system of notice pleading); _Seville_

Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 790
(3d Cir. 1984)("Under the modern federal rules, it is enough that
a complaint put the defendant on notice of the claims against
him.  It is the function of discovery to fill in the details, and
of trial to establish fully each element of the cause of
action."); Banco Continental v. Curtiss Nat'l Bank of Miami
Springs, 406 F.2d 510 (5th Cir. 1969)(reversing district court
because under notice pleading standard, record was not
sufficiently developed to allow dismissal of any defendants); In
re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978)("Under the liberal
pleading requirements of the Federal Rules of Civil Procedure a
complaint need contain only the most basic grounds upon which the
court's jurisdiction is based and a short statement of the claim
and the relief sought. . . . Concomitantly liberal discovery
rules permit parties to flesh out their respective claims,
defenses, and counterclaims").  Applying these principles, the
court finds that each defendant has been put on notice as to the
claims being asserted against them.

The parties know and understand that as of this date the
court has approved a jointly prepared, extensive plaintiffs' fact
sheet that will contain considerable information that should
allow the parties to communicate with each other regarding the
extent to which the facts upon which the plaintiff relies warrant
either the dropping of a particular defendant or some other
adjustment and the extent to which the plaintiff has made claims
against the defendant seeking dismissal.

For the foregoing reasons, the motion is DENIED.  The defendants may seek relief at a later time when the discovery process has matured enough to allow some degree of finality as to the decisions to be made concerning the merit of the plaintiff's claims and the defendants' defenses.

BY THE COURT:

_____

LOUIS C. BECHTLE, J.