IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/ )
Fenfluramine/Dexfenfluramine) )
PRODUCTS LIABILITY LITIGATION )
_____ )

MDL Docket No. 1203

**FILED**
MAR 3 1 1998
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

PRETRIAL ORDER NO. 27
(Confidentiality)

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the plaintiffs or defendants pursuant to the requirements of any court order, the requirements of self-executing discovery, requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories under Rule 33 of the Federal Rules of Civil Procedure, documents subpoenaed under Rule 45 of the Federal Rules of Civil Procedure, and transcripts of depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure (hereafter "Discovery Material"). However, with respect to Discovery Material produced pursuant to a Fed. R. Civ. P. 45 subpoena, only the person subpoenaed can make a confidentiality designation with respect to such Discovery Material.

2. (a) Prior to giving access to any person to Discovery Material designated as confidential pursuant to paragraph 3 of this Order, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this Order to the person being given access. The person being given access shall execute an Agreement to Maintain Confidentiality in the form annexed hereto as Exhibit A. Counsel shall retain executed Agreements to Maintain Confidentiality during the pendency of this litigation, and upon the termination of this litigation, those Agreements shall be filed under seal with the Court. The requirement to execute an Agreement to Maintain Confidentiality shall not apply to the Court, counsel of record for a party, members or employees of counsel's law firm, or in-house counsel for a party.

(b) The parties have agreed that Discovery Material designated as confidential under paragraph 3 hereof will be used only for the purposes of this litigation, and any state court litigation relating to the health effects of the Diet Drugs (phentermine, fenfluramine and dexfenfluramine), provided that the court and parties in any such state court litigation agree to be bound with respect to such Discovery Material by the terms of this Order or by the terms of a Protective Order of comparable scope entered in such state court litigation.

3. Persons producing Discovery Material may designate as confidential Discovery Material containing trade secrets or other confidential research, development or commercial information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Confidential Discovery Material"). Without prejudice to the right of the producing party to object to the production of the following information or of the requesting party to seek production, the information subject to such designation shall be limited to the producing party's:

i. Customer names;

ii. Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products, whether previously or currently marketed or under development;

iii. Clinical studies;

iv. Information concerning competitors;

v. Production information;

vi. Financial information not publicly filed with any federal or state regulatory authorities; and

vii. Information submitted to the FDA or other governmental agency, that under applicable regulations is exempt from disclosure under the Freedom of Information Act.

4. Confidential Discovery Material, if a writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

> SUBJECT TO PROTECTIVE ORDER
> MDL NO. 1203 (EDPA)

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel for the deponent, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein, shall be treated as confidential under this Order. In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 8 hereof.

5. In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within 30 days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that the information provided in such answer is confidential.

6. Confidential Discovery Material may not be used by any person receiving such Discovery Material for any business or competitive purposes and shall be used solely for the purposes of this litigation, and such state court litigations as authorized by paragraph 2(b) hereof, and for no other purpose without prior written approval from the Court or the prior written consent of the producing person. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

7.  (a) Subject to subparagraphs (b) and (c) below, Confidential Discovery Material shall not be disclosed to anyone other than the outside and in-house attorneys engaged in the conduct of the litigation described in paragraph 2(b) hereof, and to the employees of such outside attorneys directly involved in the conduct of such litigation. In particular, given the fact that co-defendants may be commercial competitors, defense attorneys shall not disclose to their clients, or to any of their clients' employees except in-house counsel, any Discovery Material produced by any other defendant and designated as confidential, without first obtaining the consent of the producing party or leave of Court for good cause shown.

(b) For purposes of this litigation, outside attorneys may disclose Confidential Discovery Material to retained experts (including persons directly employed by such experts) and to any person expected to testify at trial or at a deposition to the extent that the Discovery Material relates to his/her proposed testimony. When so doing, the disclosing outside

5

attorneys and the recipients of the Confidential Discovery Material shall comply with the terms of paragraph 2(a) hereof.

(c) All outside and in-house counsel and the employees and assistants of outside counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order. Such Confidential Discovery Material shall be made available only to those persons outside counsel deems necessary in the conduct of the litigation.

(d) Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8. (a) If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may, in accordance with Rule 26(c)(7) of the Federal Rules of Civil Procedure and this Order, properly be treated as confidential. The designating party shall have the burden proof on such motion to establish the propriety of its confidentiality designation.

(b) All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to subparagraph 8(a) above, shall retain

that designation and be treated as confidential in accordance with the terms hereof unless and until:

(i) The producing party agrees in writing, that the material is no longer confidential and subject to the terms of this Order; or

(ii) A Federal District Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

(c) The parties shall negotiate in good faith before filing any motion relating to this Order.

9. This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation or in any other litigation in which such information was not designated as "confidential" or subject to confidential treatment.

10. Any Confidential Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

Said Confidential Discovery Material and/or other papers shall be kept under seal until further order of the court; however, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

11. (a) Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

(b) Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

(c) No disclosure pursuant to this paragraph 11 shall waive any rights or privileges of any party granted by this Order.

12. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Discovery Material designated as confidential under the terms of this Order is properly discoverable, relevant or admissible in this or any other litigation.

13. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

14. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Order and to ensure that their clients do so. In the event of a

change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

15. The terms of this Order shall survive and remain in effect after the termination of MDL No. 1203 and all lawsuits which now or hereafter are consolidated therein. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of MDL No. 1203.

16. This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

BY THE COURT:

DATED:

_____
Louis C. Bechtle
Chief Judge Emeritus