#1 00048

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

            :   MDL DOCKET NO. 1203

THIS DOCUMENT RELATES TO:

            :

CAROL LINDSEY

            :

   v.

            :   C.A. No. 98-20114

A.H. ROBINS COMPANY, INC., a
Delaware Corporation; and
FISONS CORPORATION, a
Massachusetts Corporation

**FILED**

APR 2 9 1998

MICHAEL E. KUNZ, Clerk

By_____

_____ Dep. Clerk

PRETRIAL ORDER NO. 49

MEMORANDUM AND ORDER

BECHTLE, J.

APRIL 29, 1998

        Presently before the court is a Stipulation by the parties to this proceeding asking the court to enter an Order staying the application of certain Michigan Court Rules (hereinafter MCR) more specifically identified in the Motion of the Defendant seeking an Extenstion of Time to Comply, to which the plaintiffs have stipulated that an Order be entered.

        In summary the Michigan law, as more particularly described in the Defendants' Motion, provides for the identification of non-parties who may be found responsible in whole or in part for a plaintiffs' claimed injuries. Under this state procedure a defendant seeking to have a jury allocate

damages among named as well as non-named parties who may be at fault must identify those parties with a notice filed within 91 days after the parties seeking such allocation files its' first responsive pleading.  The same statute of MCR allows the court to approve a later filing of such notice when a showing of the facts on which the notice was based would not and could not with reasonable diligence been known to the moving party earlier, provided that the late notice does not result in unfair prejudice to the opposing party.  The parties to this Stipulation further advise the court that the Michigan State Court has entered a Stay of Discovery in a similar case against the same defendants and has accompanied that Stay with an Order extending the deadline for filing the non-party fault notices until further order of that court and only after the lifting of the Stay of Discovery. (See Exhibit A to Defendants' Motion.)

The parties to the proceeding here in MDL-1203 should understand by this Order that any stay that has been expressed or implied in this Civil Action prior to its' transfer here should by this Order be deemed vacated in as much as discovery is proceeding here on all cases including those presently before the court (see PTO 48 entered this date).

With the foregoing understanding in mind the court approves the Stipulation of the parties extending the time when defendants are required to file a Notice of Non-Party Fault until

further Order of this court, or following remand to State Court a similar notice entered by that court.

The parties to the Stipulation should also understand that the Order entered approving the Stipulation in part presumes no prejudice to any other party as of the date of this Order or hereafter until such prejudice is shown following Motion and Order.

The parties should further understand that this court will not monitor the various steps under Michigan State Law that may take place over the course of this MDL-1203 proceeding that, but for this MDL-1203 proceeding, would have the effect of either requiring a party entitled to serve such Notice of Non-Party Fault to do so, or establishing prejudice to any other party that could effect the right of a party to file such Notice.

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

: MDL DOCKET NO. 1203

THIS DOCUMENT RELATES TO:

CAROL LINDSEY

v.

A.H. ROBINS COMPANY, INC., a
Delaware Corporation ; and
FISONS CORPORATION, a
Massachusetts Corporation

: C.A. No. 98-20114

ORDER

AND NOW, TO WIT, this 29th day of April, 1998, based upon the grounds set forth in the accompanying Memorandum this court approves the Stipulation of the parties to postpone the time when a party entitled to file a Notice of Non-Party Fault under MCR 2.112(K)(3)(a), et seq. to such later time that shall be determined by the plaintiff(s) and the defendant claiming the right to file such Notice, or upon Motion by such party entitled to file such Notice and appropriate Order by any court of competent jurisdiction, for cause shown.

It will be the obligation of the parties to this proceeding to monitor the progress of this case during its course

in MDL-1203 in order to apply to this or subsequent court for a further ruling, if necessary, pertinent to the filing of any such Notice under applicable Michigan law.

**SO ORDERED.**

BY THE COURT:

LOUIS C. BECHTLE,          J.

2