

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/ : 
FENFLURAMINE/DEXFENFLURAMINE) : MDL DOCKET NO. 1203
PRODUCTS LIABILITY LITIGATION :

PRETRIAL ORDER NO. 467

MEMORANDUM AND ORDER

BECHTLE, J.                                    FEBRUARY 10, 1999

    Presently before the court is a petition of the Plaintiffs' Management Committee ("PMC") for an Order:

    1.   securing an equitable allocation of counsel fees and costs for common benefit work;

    2.   approving an agreement between the PMC and the Plaintiffs' Executive Committee of the State of California ("PEC") with respect to coordination of discovery;

    3.   establishing a procedure for coordination with state-court diet drug litigation;

    4.   protecting the PMC's work product; and

    5.   appointing John M. Restaino, Esquire as a member of the PMC.

    The court has received responses in opposition to the PMC's petition and the court has heard positions presented by various parties in favor of and in opposition to the petition at

status conferences convened by the court from time to time.[1]

In keeping with the request and suggestion of counsel, the court has conferred with the Honorable Daniel S. Pratt, Judge of the Superior Court of the State of California in the county of Los Angeles, California. Judge Pratt is the state-wide coordinating judicial officer duly appointed by the Supreme Court of California to administer the diet drug cases filed in California state courts. In that capacity, Judge Pratt, and the undersigned, as the duly designated transferee judge for all federal diet drug cases transferred to MDL-1203, have agreed that state/federal coordination of discovery and other pre-trial activities will be in the best interest of the parties named in the cases under their respective jurisdiction, as well as the public interest where it is affected by those cases. This court has approved, and Judge Pratt is expected to approve in substantially similar language, the form of Order that accompanies this Memorandum in order to implement state/federal coordination between diet drug cases presently being administered in MDL-1203 originating from the State of California and diet drug cases presently being administered in the courts of the State of California.

This court finds that the Order that follows satisfies,

---

[1] See agendas, minute sheets and transcripts of MDL-1203 Status Conferences conducted on November 17, 1998, December 16, 19998 and January 13, 1999.

2

to the extent necessary, objections that had been presented to the court regarding set-aside and allocation into a fund from which court approved reimbursement for costs and payment of fees can be allowed.

The court notes that the original proposed Order requested the court to approve not only the agreement between the PMC for MDL-1203 and the PEC for the State of California cases but also to approve an allocation of fees and costs in all MDL cases, irrespective of the state from which they were transferred to this court. The court believes that the significant objections to the original proposed Order have been addressed in the Order that follows. In order for those in opposition to the Order to have an opportunity to address the court concerning the revised Order, the accompanying Order will only apply to those MDL-1203 cases that have been or will be transferred to this court from federal district courts within the State of California. The court will promptly take up the application of the attached Order, by the PMC, for this Order to apply to <u>all</u> MDL-1203 cases from whatever federal district court they were transferred throughout all states, or territories, to this transferee court in accordance with 28 U.S.C. § 1407 or otherwise.[2]

---

[2] Cases originally filed in the Eastern District of Pennsylvania may be included in MDL-1203 by transfer within the court system here and not by resorting to 28 U.S.C. § 1407.

For the foregoing reasons the court will grant the PMC's petition for an Order:

1. securing an equitable allocation of counsel fees and costs for common benefit work and contribute to MDL-1203 cases transferred to this court from United States District Courts within the State of California in accordance with 28 U.S.C. § 1407 or otherwise;

2. approving the agreement between the PMC (MDL-1203) and the PEC (JCCP No. 4032) with respect to coordination of discovery;

3. establishing a procedure for coordination with state-court diet drug litigation;

4. appointing John M. Restaino, Esquire, as a member of the PMC in MDL-1203 in accordance with the agreement between MDL-1203 and California coordinated litigation by their respective supervising committees.

The court denies the PMC's petition for an Order protecting the PMC's work product <u>provided however</u>, this denial shall not prevent the PMC from making application from time to time in any jurisdiction for such protection as it may be entitled to on any item or matter to which the PMC believes it is entitled to work product protection in accordance with the laws of that jurisdiction.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE DIET DRUGS (Phentermine/ :
Fenfluramine/Dexfenfluramine) : MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION :

FILED

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

PRETRIAL ORDER NO. 467

(Attorneys' Fees and Costs; State-Federal Coordination)

AND NOW, this 10th day of February, 1998, it is hereby ORDERED, ADJUDGED AND DECREED that:

### A. Set Aside for Counsel Fees and Costs in MDL 1203

1. The Court believes that this litigation has advanced to the point that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of plaintiffs from time to time as well as to satisfy judgments that may result in some instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to the Plaintiffs' Management Committee ("PMC") and other attorneys who have been authorized by the PMC, pursuant to Pretrial No. 16, to perform work for the benefit of plaintiffs in MDL 1203 and in any state-court proceedings coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

2. Before making any claim payment to a plaintiff whose action has been subject to coordinated pretrial proceedings in MDL 1203, defendants shall deduct from such payments an amount equal to nine percent (9%) of the aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future; and shall pay such sum as hereinafter provided for

1

deposit into the MDL 1203 Fee and Cost Account. In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future.

3. The requirements of paragraph 2 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. §1404 or other provisions of law. The obligation shall follow the case to its final disposition in any United States court including a court having jurisdiction in bankruptcy.

4. Defendants shall have primary responsibility for withholding nine percent (9%) of the claim payments and tendering such sums to the MDL 1203 Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

5. The Court shall establish an insured, interest bearing escrow account to receive and disburse funds as provided in this Order. The Court will, by future Order, designate an escrow agent to manage the account. All funds in the account will be held as funds subject to the direction of the Court.

6. All payments required to be made shall be made by the defendant to the escrow agent. Payment to the escrow agent shall fully discharge the defendants' obligation under this order. The payments to be made to the account shall not be disclosed by the escrow agent except upon written order of this court. The purpose of maintaining confidentiality is to protect

2

the defendants legitimate concerns regarding disclosure of the amounts that it deposits into the escrow fund inasmuch as knowledge of such amounts would allow calculation of any sums defendants determine should be paid in satisfaction of any obligation it has to a plaintiff covered by this order. The escrow agent shall report to the court from time to time the sums that are deposited in the account together with the information supplied to the agent by the paying defendant at the time of deposit that will be sufficient for the agent to determine if the amount deposited is the amount required to be paid under the terms of this order. The escrow agent shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the escrow agent to allow the escrow agent to verify the accuracy of any payment made.

7. Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1203 Fee and Cost Account in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making such an award, the Court will first determine the amount of costs for which reimbursement is appropriate. The amount remaining in the MDL 1203 fee and costs account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1203 Fee and Cost Account, provided, however, that the Court will only consider compensation for those services which were authorized by the PMC pursuant to PTO No. 16.

8.  Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the total amount of counsel fees payable to individual plaintiff's counsel, it being understood that the Common Benefit Attorneys' portion shall not diminish the portion of the recovery that any plaintiff would have been entitled to receive had there been no participation by the Common Benefit Attorneys. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL Fee and Cost Account.

9.  Nothing in this Order will prevent any attorney from applying for and receiving an award of attorneys' fees and reimbursement of costs pursuant to governing law in a greater percentage amount than that provided for herein, in the event that there is a recovery in any action which may be certified as a class action under *Federal Rule of Civil Procedure* 23.

### B. Coordination Between MDL 1203 and California Judicial Code Proceeding No. 4032

10. The terms of the Agreement between the Plaintiffs' Management Committee in MDL 1203 and the Plaintiffs' Executive Committee in *In re Diet Drug Litigation*, California Judicial Council Proceeding No. 4032 (a copy of which is appended to this Order) are approved as a fair, reasonable and equitable approach to the coordination of state and federal cases regarding the health effects of diet drugs.

11. Upon approval of the agreement by the Honorable Daniel S. Pratt acting as the coordinating judge in California Judicial Counsel Proceeding No. 4032, each action involving diet drug which is now or hereafter pending in any California State Court shall be subject to this Pretrial Order to the following extent. Before making any claim payment to any plaintiff who has brought an action in any California State Court, defendants shall deduct from such payments

4

an amount equal to six percent of the aggregate amount being paid and any amounts to be paid to the plaintiff in the future and shall pay such sum for deposit into the MDL 1203 Fee and Cost Account subject to the terms and conditions contained in paragraphs 4 through 9 of this Pretrial Order. In measuring the gross amount due or to become due to any plaintiff as such claim payment, the defendant shall include the present value of any fixed and certain payments to be paid in the future.

12. John Restaino, Esquire is hereby appointed as an additional member of the Plaintiffs' Management Committee with all the rights, duties, and responsibilities held by the original members of the PMC.

### C. State-Federal Coordination

13. Any action pending in any state court which relates to the personal injuries allegedly caused by the drugs Fenfluramine (Pondimin), Dexfenfluramine (Redux) and Phentermine is eligible for State-Federal coordination under the terms of this Order provided that the action is subject to an order entered by the Court having jurisdiction over the action which provides substantially as follows:

    a. All state court actions subject to the state court order are eligible for state-federal coordination under this Pretrial Order entered in MDL 1203;

    b. Before making any claim payment to any plaintiff, all defendants in each action subject to the state court order, shall deduct from such payment an amount equal to six percent (6%) of the aggregate of the amount being paid and any amounts to be paid in the future and shall pay such sum for deposit into the MDL 1203 Fee and Cost Account for distribution in accordance with the provisions of paragraphs 4 through 9 of this Pretrial Order. In measuring the gross amount due or to become due to any plaintiff as claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future; and

    c. The parties in each state-court action subject to the state-court order are prohibited from using any of the PMC's or plaintiffs' work product or products of state-federal coordination described in paragraph 14 of this

5

      Pretrial Order for any purpose other than the litigation of actions pending in federal court and actions pending in state courts which qualify for state-federal coordination pursuant to the terms of this Pretrial Order.

14. The plaintiffs in any actions eligible for state-federal coordination as set forth above shall be entitled to receive the following materials from the PMC upon payment of the actual cost of providing copies of the materials:

  a. CD-ROMs reflecting searchable images of the key documents selected by the PMC from the document productions of the defendants and third-parties in MDL 1203;

  b. a bibliographic database providing a "coded" index of such key documents;

  c. abstracts and subjective analyses of the depositions of each generally applicable fact witness and generic expert taken in MDL 1203 and in the state-court actions coordinated pursuant to this Order;

  d. to the extent developed by the PMC, timelines, "casts of characters," issues outlines, and other work product relating to the facts at issue in MDL 1203; and

  e. reports of "generic experts" developed by the PMC in connection with MDL 1203.

15. When a notice of deposition is issued in MDL 1203, any party in any action which is eligible for state-federal coordination may issue a notice which provides for the taking of such deposition in such a state court action at the time and place stated in the original notice. When such "cross-noticed" depositions take place, that part of the deposition being taken for use in MDL 1203 shall proceed to conclusion. From that point forward, the deposition will not be deemed to have been taken in any federal actions, although it will still be subject to the provisions of paragraphs 15 & 16 of this Pretrial Order. After the conclusion of that portion of the deposition being taken for use in MDL 1203, no more than three separate attorneys selected by plaintiffs' counsel in the state actions eligible for state-federal coordination pursuant

6

to this Order may proceed to question the witness. No more than one attorney for each defendant separately represented shall have the right to pose questions to the witness and make objections in connection with each such cross-noticed deposition. The parties taking such "cross noticed" depositions shall use their best efforts to conduct the deposition in a manner which will make it admissible in any state proceedings which are coordinated pursuant to the terms of this Order.

16. When a notice of deposition is issued in MDL 1203, defendants and plaintiff in State Court litigation shall not file or serve notices to take that deposition for use in any state court litigation or otherwise "cross-notice" depositions of the witness in any state-court proceeding except as provided in the preceding paragraph.

17. Nothing in this Order abrogates the entitlement of the PMC and those attorneys performing common benefit work at their request to seek compensation through any means, including but not limited to an attorney's charging lien, for the benefits of their services to attorneys and parties in State Court litigation which is not coordinated pursuant to the terms of this Order, including the benefits conferred by their preparation for and conduct of depositions of generally applicable fact witness and "generic" expert witnesses retained by them. *See, e.g., In re Air Crash Disasester in Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166-167 (1939)

18. Copies of any record of any deposition taken in MDL 1203 pursuant to the terms of this Order shall not be provided to any person except up a request to purchase a copy of the transcript or other record of the deposition directed to the court reporter who stenographically recorded the proceedings at the deposition or the operator who made any video or audio recording of the proceedings at the deposition and payment of such person's proper fees. *See*

7

*Fed.R.Civ.P.* 30(f)(2) and 28 *U.S.C.* § 753. Notice of each such request shall be provided to all liaison counsel herein contemporaneously with the making of each such request.

19. Nothing contained in this Order will limit the obligation previously undertaken by the PMC to provide copies of documents produced in MDL 1203 which do not reflect the PMC's work product to counsel in state-court actions to the extent that all defendants consent to such disclosure and the requesting party pays the actual costs of producing copies of the documents, and, if necessary, execute an appropriate confidentiality agreement.

20. The Court is not making a determination by this Order that the Common Benefit Attorneys shall receive any specific sum as payment of counsel fees and reimbursement of litigation expenses. Rather, this Order is merely intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys are ultimately entitled may be awarded and paid with reliability.

21. At such time as the MDL 1203 Fee and Cost Account contains balances that are not necessary to be retained for the payment of fees and costs, the Court will, subject to applicable provisions of law and following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

BY THE COURT:

2·11·99
Liaison Counsel

**Louis C. Bechtle**
**Chief Judge Emeritus**

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Michael E. Kunz
Clerk of Court

# FAX COVER SHEET

DATE: 2/11/99

RE: MDL 1203

TO:

Miller

Schreiber

Spinelli

Levin

Scott.

2:11-md-01203

GREGORY P. MILLER, Esq.                                          SC
MILLER, ALFANO & RASPANTI, P.C.
1818 MARKET STREET
STE. 3402
PHILA, PA   19103-3638                                FAX 215-981-0082

------------------------------

------------------------------

2:11-md-01203

J. ALLEN SCHREIBER, Esq.                              sc
LLOYD, SCHREIBER & GRAY
2 PERIMETER PARK SOUTH
SUITE 100
BIRMINGHAM, AL  35243                    FAX 205-967-2380

-------------------------------

-------------------------------

2:11-md-01203

MICHAEL T. SCOTT, Esq.                                      sc
REED, SMITH, SHAW & MC CLAY
1650 MARKET STREET
2500 ONE LIBERTY PLACE
PHILA, PA   19103-7301                          FAX 215-851-1423

------------------------------

------------------------------

```
*************** -COMM. JOURNAL- ********************* DATE FEB-11-1999 ***** TIME 13:19 *** P.01

         MODE = MEMORY TRANSMISSION              START=FEB-11 12:52    END=FEB-11 13:19

         FILE NO.= 155

         NO.   COM   ABBR/NTWK   STATION NAME/      PAGES     PRG.NO.   PROGRAM NAME
                                 TELEPHONE NO.

         001   OK     a          99810002           018/018
         002   OK     a          82059572380        018/018
         003   OK     a          98548434           018/018
         004   OK     a          95924663           018/018
         005   OK     a          98511423           018/018

                                                    -US DISTRIC COURT       -

******************************************* -215 597 6644    - *****  -   215 597 6644- **********
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

*Michael E. Kunz*
*Clerk of Court*

# FAX COVER SHEET

DATE: 2/11/99

RE: MDL 1203

TO:

- Miller
- Schreiber
- Spinelli
- Levin
- Scott