IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION : | MDL DOCKET NO. 1203 |
| SHEILA BROWN, et al. : v. : AMERICAN HOME PRODUCTS CORPORATION : | CIVIL ACTION NO. 99-20593 |

**MEMORANDUM AND PRETRIAL ORDER NO.**

Bartle, C.J.                                                December 3, 2007

       On January 1, 2008, Special Master Gregory P. Miller will be joining the law firm of Drinker Biddle & Reath LLP ("Drinker Biddle") as a partner.  Mr. Miller has disclosed that Drinker Biddle currently represents GlaxoSmithKline in fourteen actions pending in MDL No. 1203 ("MDL 1203") and in matters unrelated to the fen-phen litigation.  It also represents Wyeth and its affiliates in matters unrelated to the fen-phen litigation.  Previously, Drinker Biddle has represented other parties in isolated fen-phen matters that have been finally resolved.

       Upon consideration of the foregoing disclosures as well as all potential issues relating to Mr. Miller's continued role as Special Master, we have determined that as of January 1, 2008 and thereafter, Mr. Miller shall continue to serve as Special

Master with certain limitations, which are outlined below.  We have been advised that as long as Mr. Miller serves as Special Master, he will be screened from Drinker Biddle's current representation of GlaxoSmithKline and Wyeth and any information obtained through the firm's prior fen-phen representations.  In addition, Drinker Biddle has agreed not to apportion to Mr. Miller any fees related to the firm's representation of GlaxoSmithKline and Wyeth.

Pursuant to paragraph 3 of Pretrial Order ("PTO") No. 26 (Mar. 30, 1998), and paragraphs 23, 29, 34, 38, 41, 46-47 and 51 of PTO No. 3370 (Mar. 24, 2004), Mr. Miller was authorized to consider and to file recommendations regarding various discovery matters.  As of January 1, 2008 and thereafter, the discovery matters referenced in these paragraphs will no longer be referred to Mr. Miller as the Special Discovery Master.  Instead, the court will resolve any such matters.

Pursuant to PTO No. 1531, Mr. Miller was appointed Chair of the arbitration panel and was authorized to file recommendations regarding disputes related to the processing of claims.  Under the Seventh Amendment to the Nationwide Class Action Settlement Agreement, the court may refer disputes regarding the status of claimants to the Special Master.  We are appointing Joanne A. Epps, Esquire as Co-Chair of the arbitration panel for the purpose of resolving petitions to submit new evidence in arbitration.  Additionally, as of January 1, 2008 and

thereafter, any disputes related to the Settlement Agreement or the Seventh Amendment will be decided by the court.

Pursuant to PTO No. 2383, motions to compel and motions to enforce against plaintiffs pursuing claims based on alleged diagnoses of Primary Pulmonary Hypertension may be referred to the Special Master.  As of January 1, 2008 and thereafter, these motions will not be referred to the Special Master.  Rather, the court will consider and decide such motions.

Gregory P. Miller, Esquire, as Special Master, shall continue to perform all other duties and activities assigned by the court and permitted by PTO Nos. 26, 892, 1531, 2457, 2807, 3370, 4389, 5929 and 7031, until further order of the court.  Those duties and activities are generally summarized below.  This summary is not exhaustive and is not meant to abridge or expand Mr. Miller's duties.

Except as otherwise limited in this Order, in his capacity as Special Discovery Master in MDL 1203, Mr. Miller shall continue to:  (1) assign Discovery Initiation Dates; (2) make determinations concerning adjustments to the discovery period for actions pending in MDL 1203, such as hearing and deciding requests for relief from discovery deadlines and requests for expedited discovery schedules and/or remand to a transferor court; (3) monitor and review pending motions; (4) assist the court in processing voluntary and settlement dismissals; (5) administer stays in connection with the Global Opt-Out Settlement Process; and (6) perform such other duties

assigned by the court and as permitted by the Pretrial Orders referenced above.

Except as otherwise limited in this Order, in his capacity as Special Master to the AHP Settlement Trust, Mr. Miller shall continue to:  (1) meet with the parties and report to the court as necessary to attempt to resolve disputes promptly and informally; (2) monitor the Trust's compliance with Settlement Agreement reporting requirements; (3) enforce and interpret the Arbitration Rules and assign claims to Arbitrators; (4) facilitate the mediation process under the Eighth Amendment to the Settlement Agreement; (5) administer the non-dispositive aspects of Show Cause proceedings, such as serving and organizing Show Cause materials, determining whether sur-reply briefs should be allowed, determining whether claims should be referred to the court's Technical Advisors for review, deciding requests for hardship waiver of the Technical Advisor Costs and deciding whether new evidence related to a claim should be permitted; and (6) perform such other duties assigned by the court and as permitted by the Pretrial Orders referenced above.

In addition, Mr. Miller shall continue to serve as Escrow Agent for the MDL 1203 Fee and Cost Account and to perform such duties and activities as the court deems appropriate to assist the court in connection with the presentation and determination of requests for the award of attorneys' fees and reimbursement of litigation expenses.

```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| SHEILA BROWN, et al.<br><br>v.<br><br>AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION NO. 99-20593 |

**PRETRIAL ORDER NO.** _____

AND NOW, this 3rd day of December, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED, effective January 1, 2008, that:

(1)  the court will resolve all discovery matters and disputes previously referred to Gregory P. Miller, Esquire as the Special Discovery Master under Paragraph 3 of Pretrial Order ("PTO") No. 26 (Mar. 30, 1998) and paragraphs 23, 29, 34, 38, 41, 46-47 and 51 of PTO No. 3370 (Mar. 24, 2004);

(2)  Joanne A. Epps, Esquire is appointed to preside as Co-Chair of the panel of arbitrators for the purpose of resolving petitions to submit new evidence in arbitration;

(3)  the court will resolve all disputes previously referred to Gregory P. Miller, Esquire as the Special Master to the AHP Settlement Trust under paragraphs 4 and 5 of PTO No. 1531 and the Seventh Amendment to the Nationwide Class Action Settlement Agreement;

(4)  the court will resolve all disputes previously referred to Gregory P. Miller, Esquire as Special Master under paragraphs 4, 8 and 9 of PTO No. 2383; and

(5)  Gregory P. Miller, Esquire, as Special Master, shall continue to perform all other duties and activities assigned by the court and permitted by PTO Nos. 26, 892, 1531, 2457, 2807, 3370, 4389, 5929 and 7031, until further order of the court.

BY THE COURT:

/s/ Harvey Bartle III
                C.J.