IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : MDL DOCKET NO. 1203 |
| VICKY MARIE GOUGH | : |
| v. | : MDL DOCKET NO. 04-27183 |
| AMERICAN HOME PRODUCTS CORP., et al. | : |

**MEMORANDUM AND PRETRIAL ORDER NO.**

Bartle, C.J.                                            February 8, 2008

      Plaintiff, Vicky Marie Gough, filed suit against Wyeth[1] in Texas state court.  She alleges that as a result of ingesting the diet drugs Pondimin and/or Redux she suffered injuries to her cardiovascular and circulatory systems, including her heart valves.  The action was removed to federal court and transferred to the Diet Drug Multi-District Litigation, that is MDL 1203, for coordinated or consolidated pretrial proceedings.  See 28 U.S.C. § 1407.  The law of Texas, that is the transferor jurisdiction, governs this case.  17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (3d ed. 1997 & Supp. 2007).  Presently before this court is the motion of defendant for summary judgment and request for

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

stay[2] or, in the alternative, motion to compel production of plaintiff's expert designations and reports. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Rule 26 of the Federal Rules of Civil Procedure provides:

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case ....

Fed. R. Civ. P. 26(a)(2).

In Pretrial Order ("PTO") No. 3370, this court set a discovery schedule for all cases transferred here for coordinated or consolidated pretrial proceedings. The discovery schedule included timetables for expert disclosures and reports under Rule 26(a)(2). Pursuant to PTO No. 3370, plaintiff was required to designate her case-specific expert, and provide the accompanying report, on or before July 1, 2005. Plaintiff failed to do so. After the deadline passed, Wyeth twice requested that plaintiff designate her case-specific expert to no avail.

---

2. Wyeth's request for stay asks that its designations of case-specific and generic experts and expert reports by stayed pending resolution of this motion for summary judgment. As we are presently considering Wyeth's motion for summary judgment, we will deny its request for stay as moot.

-2-

On September 20, 2005 Wyeth filed with Special Master Gregory P. Miller a "Good Cause Application for Extension of Discovery Deadlines" ("Application"), in which it proposed that plaintiff have until December 1, 2005 to serve her Generic and Case-Specific Designations. Special Master Miller granted the Application.

Plaintiff failed to meet the December 1, 2005 deadline to designate a case-specific expert. On December 29, 2005, Wyeth sent plaintiff's counsel a letter stating:

> Ms. Gough's Case-Specific and Generic Expert Designations were due on December 1, 2005. To date, [Wyeth has] not received any expert designation or expert reports for Ms. Gough. Accordingly, please submit Ms. Gough's Generic and Case-Specific Expert Designations by Friday, January 6, 2006, or we will have no choice but to file a motion to compel and/or motion to dismiss.

Def.'s Mot. for Summ. J., Ex. D.

Wyeth received no response from plaintiff and no expert designations under Rule 26(a)(2) were made. Thereafter, on January 24, 2006, Wyeth filed this motion for summary judgment and request for stay or, in the alternative, motion to compel production of plaintiff's expert designations and reports. Plaintiff has not filed a memorandum in opposition to Wyeth's motion.

In a personal injury case under Texas law, "lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship

between the event and the condition."  Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 884 (5th Cir. 2004) (quoting Morgan v. Compugraphic Corp., 675 S.W.2d 729, 733 (Tex. 1984)). For lay testimony to be sufficient to prove causation, it must provide a "strong, logically traceable connection between the event and the condition" which gives rise to the action.  Id. Otherwise, when "medical conditions [are] outside the common knowledge and experience of jurors," expert testimony is required.  Guevara v. Ferrer, 2007 Tex. LEXIS 795, at *7-*8 (Tex. Aug. 31, 2007) (citing Insurance Co. of North America v. Myers, 411 S.W.2d 710, 713 (Tex. 1966).  If expert testimony is required to prove causation and the plaintiff cannot provide such testimony, the defendant is entitled to summary judgment in its favor.  Wooley v. Smith & Nephew Richards, Inc., 67 F. Supp. 2d 703, 711-12 (S.D. Tex. 1999).

In this action, plaintiff claims injuries to her cardiovascular and circulatory systems.  The nature of these injuries is such that "general experience and common sense" would not allow a layperson to infer causation based solely on lay testimony.  See, e.g., Burroughs-Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).  Expert testimony regarding causation is therefore required.  Plaintiff, however, has repeatedly failed to designate an expert and provide an accompanying expert report. Plaintiff has put forth no evidence that her alleged injury was caused by Wyeth's diet drugs.

      Accordingly, we will grant the motion of Wyeth for summary judgment.

```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| VICKY MARIE GOUGH<br><br>         v.<br><br>AMERICAN HOME PRODUCTS CORP., et al. | MDL DOCKET NO. 04-27183 |

**PRETRIAL ORDER NO.** _____

AND NOW, this 8th day of February, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of Wyeth for summary judgment and request for stay is GRANTED in part, and DENIED in part;

(2)  the motion of Wyeth for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure is GRANTED;

(3)  judgment is entered in favor of Wyeth and against plaintiff, Vicky Marie Gough; and

(4)  the motion of Wyeth for stay is DENIED as moot.

BY THE COURT:

/s/ Harvey Bartle III
                                                          C.J.