```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: | : : | |
| SHEILA BROWN, et al. | : : | |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION | : : | CIVIL ACTION NO. 99-20593 |

**MEMORANDUM AND PRETRIAL ORDER NO.**

Bartle, C.J.                                              August 19, 2008

Before the court is the motion of Julie Stevens ("Ms. Stevens") to extend the deadline for submitting proof of Diet Drug ingestion in support of her claim for Category Two benefits[1] under the Seventh Amendment to the Nationwide Class Action Settlement Agreement with Wyeth[2] ("Settlement Agreement"). Ms. Stevens failed to submit to the Trust documented proof of the period of time that she was dispensed and ingested Diet Drugs. Ms. Stevens maintains that her delay should be excused because it was due to circumstances beyond her control; namely, (1) an

---

1. The Seventh Amendment provides that Category Two Class Members "shall be entitled to receive a 'Category Two Payment' of $2,000 from the Trust." Seventh Amendment § VIII.A.1.

2. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

inability to locate the proprietors of the clinic that dispensed Diet Drugs to her; and (2) her relocation to Australia.

I.

According to the parties' submissions,[3] Ms. Stevens has failed in her repeated attempts to locate the proprietors or affiliates of the Rochester Weight Control Center, the clinic that purportedly dispensed her Diet Drugs. In March 2000, Ms. Stevens signed a Pink Form and submitted it to the Interim Claims Administrator.[4] Through the submission of her Pink Form, Ms. Stevens authorized the Interim Claims Administrator to obtain on her behalf her medical records from the Rochester Weight Control Center.

In August 2000, Ms. Stevens informed the Trust of her efforts to obtain her medical records from the Rochester Weight Control Center. Specifically, Ms. Stevens advised the Trust that she personally visited the former location of the Rochester Weight Control Center and was advised that it had closed and had not left any forwarding information. Ms. Stevens also informed the Trust of her intention to relocate to Australia and asked the Trust to assist her in obtaining the required documents.

---

3. On December 16, 2006, Ms. Stevens wrote a letter requesting relief from the filing deadline for Category Two benefits. By Order dated December 28, 2006, we directed the Clerk of the Court to docket the letter as Ms. Stevens' "Motion for an Extension to Register for Category Two Benefits with the AHP Settlement Trust after the December 16, 2006 Deadline."

4. The Interim Claims Administrator was the predecessor to the Trust.

Approximately four years later, by letter dated May 10, 2004, the Trust informed Ms. Stevens that it was unable to use the authorization she provided in May 2000. The Trust also notified Ms. Stevens that her March 15, 2000 Pink Form submission was incomplete because she did not include records detailing the length of time she purportedly ingested Diet Drugs. The letter explained that Ms. Stevens' submission did not satisfy the proof of use requirement. It stated that "[c]laimants who authorize the Trust to get records on their behalf still bear the ultimate responsibility for substantiating their claims in accordance with the Settlement Agreement. Authorizing the Trust to obtain pharmacy/prescription records does not guarantee that the Trust will be successful in obtaining them." Wyeth's Resp., Ex. C at 2.

On July 7, 2004, the Trust sent Ms. Stevens another notice informing her that her claim could not be processed because she had not submitted proof of Diet Drug ingestion. In response, on July 21, 2004, Ms. Stevens provided the Trust with an updated authorization permitting the Trust to obtain the required records on her behalf. On November 10, 2004, the Trust, unable to locate Ms. Stevens' records, sent Ms. Stevens a "Final Deficiency Notice" warning her that "in order to complete [her] claim and protect [her] rights under the Settlement Agreement, [she] must send [her] medical records directly to the Trust."

Wyeth also asserts that the Trust sent Ms. Stevens notice of the approval of the Seventh Amendment on October 15,

2004.  The Trust further advised Ms. Stevens that, pursuant to the Seventh Amendment, she was required to submit proof of her Diet Drug ingestion prior to December 16, 2006 to qualify for Category Two benefits.  Thereafter, on July 10, 2006 the Trust advised Ms. Stevens that if it did not receive proof of her Diet Drug ingestion before October 16, 2006, it may not be able to process her claim or notify her regarding the status of her submission prior to the December 16, 2006 deadline.  Ultimately, on December 16, 2006, Ms. Stevens, aware that she would require additional time to locate the required documents to substantiate her claim, filed the instant motion.

II.

Under the Seventh Amendment, Class Members were eligible to receive Category Two benefits upon submission of the following:

    a.    An Echocardiogram Tape or Disk for the relevant Diet Drug Recipient, conducted after Diet Drug use and by the end of the Screening Period, and in compliance with the Settlement Agreement, showing FDA Positive regurgitation or Mild Mitral Regurgitation;

    b.    A properly completed and signed Green Form or Gray Form documenting a diagnosis of FDA Positive regurgitation or Mild Mitral Regurgitation based upon such Echocardiogram; and

    c.    Proof of Diet Drug use in accordance with section VI.C.2.d of the Settlement Agreement.

Seventh Amendment § VIII.B.3.  Claimants were required to submit these materials within seven months after the date of Final

Judicial Approval of the Seventh Amendment, or December 16, 2006.
See id.  The Seventh Amendment further provides that:

> If a Diet Drug Recipient fails timely to comply with the notice from the Trust sent under Section VIII.B.3, the Trust shall have no further obligation to process the Diet Drug Recipient's claim for a Category Two Payment, and that Diet Drug Recipient's claim for this benefit shall be extinguished.

Id. at § VIII.B.5.

Pursuant to the Seventh Amendment, a notice was sent to "all Class Members who have ever registered or purported to register with the Trust or who have submitted any type of form to the Trust ... and to all known attorneys representing such Class Members ...." Id. § V.C.1.  The notice informed Class Members and their attorneys that a list of eligible Category Two claimants would be posted on the Trust's website within thirty days of Final Judicial Approval.  See Part I of the Official Court Notice:  Overview of the Seventh Amendment to the Nationwide Class Action Settlement Agreement ("Official Court Notice - Part I"), p. 8.  See also Part II of the Official Court Notice of the Seventh Amendment to the Nationwide Class Action Settlement Agreement ("Official Court Notice - Part II") at 20; Seventh Amendment § VIII.B.1.

Ms. Stevens concedes that she did not timely submit her proof of Diet Drug ingestion.  Therefore, Ms. Stevens may proceed only upon a showing that her failure to comply with the deadlines established by the Seventh Amendment was due to excusable neglect.

III.

The deadlines imposed by the Seventh Amendment and the Settlement Agreement may be extended if a movant can show that his or her failure to meet the deadlines was due to "excusable neglect." In In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 323 (3d Cir. 2001), our Court of Appeals reiterated the Supreme Court's analysis of excusable neglect as set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380 (1993). Four factors should be evaluated when deciding whether excusable neglect exists: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395; Bone Screw, 246 F.3d at 322-23. We shall discuss each of these factors in turn.

Under the first prong, we must consider the danger of prejudice to Wyeth should Ms. Stevens' requested extension be granted.[5] Wyeth argues that granting Ms. Stevens an extension will unduly prejudice Wyeth because it will erode the certainty for which it bargained in negotiating the Settlement Agreement and it would potentially open the floodgates for similar claims. The finality provided to Wyeth, the Trust and other Class Members by the Settlement Agreement has been of paramount importance

---

5. The Trust did not file a response to Ms. Stevens' motion.

throughout the administration of the Settlement Agreement.  Ms. Stevens' motion is not the only one of its kind and allowing her an extension under these circumstances will pose a danger of prejudicing the nonmovants.  <u>See</u> Pretrial Order No. 3923, at 3 (Sept. 10, 2004).

Second, we must consider the length of the delay and its effect on judicial proceedings.  The deadline for submission of all materials to the Trust to receive Category Two benefits was December 16, 2006.  The deadline to register for Category Two benefits was set to give Class Members ample time to complete the necessary forms and submit them to the Trust.  Wyeth argues that Ms. Stevens was aware, as early as the year 2000, that she would be required to provide objective proof of her Diet Drug ingestion.  Indeed, after more than eighteen months since the deadline passed, Ms. Stevens has failed to present any evidence that she will be able to comply with the proof of ingestion requirements.  Under these circumstances, we find that the length of the delay will negatively impact the finality of the Settlement Agreement and judicial proceedings.

Under the third prong, we must review Ms. Stevens' reasons for delay.  In her motion, Ms. Stevens seeks relief from the filing deadline because she:  (1) lives in Australia; and (2) is attempting to locate the prescribing physician associated with the clinic where she obtained Diet Drugs.  Wyeth argues that as early as August 2000, Ms. Stevens informed the Trust that the clinic where she purportedly obtained her Diet Drugs had closed.

In addition, Wyeth asserts that Ms. Stevens' relocation does not relieve her of the responsibility of submitting documentation supporting her claim or entitle her to more time than provided to other claimants.  We agree.

Ms. Stevens has not detailed any recent attempts to contact the physician who prescribed her Diet Drugs.  In the absence of any acceptable reason for her prolonged delay, or any indication that Ms. Stevens will be able to obtain proof of her ingestion within a time certain, we cannot find that Ms. Stevens satisfied the third prong of <u>Pioneer</u>.

Finally, we have no reason to doubt that Ms. Stevens acted in good faith.  However, the danger of prejudice to nonmovants and the length of, and reasons for, the delay weigh heavily in favor of finding that Ms. Stevens' actions do not constitute excusable neglect.  Accordingly, Ms. Stevens is not entitled to an extension of the December 16, 2006 deadline.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                :   MDL NO. 1203
(PHENTERMINE/FENFLURAMINE/       :
DEXFENFLURAMINE) PRODUCTS        :
LIABILITY LITIGATION             :
                                 :
THIS DOCUMENT RELATES TO:        :
                                 :
SHEILA BROWN, et al.             :
                                 :
       v.                        :
                                 :
AMERICAN HOME PRODUCTS           :
CORPORATION                      :   CIVIL ACTION NO. 99-20593
```

**PRETRIAL ORDER NO.**

AND NOW, this 19th day of August, 2008, for the reasons stated in the accompanying Memorandum, it is hereby ORDERED as follows:

(1) the motion of Wyeth for an extension of time to respond to Julie Stevens' Motion for an Extension to Register for Category Two Benefits is GRANTED; and

(2) the motion of Julie Stevens for leave to register for Category Two benefits with the AHP Settlement Trust is DENIED.

                                        BY THE COURT:


                                        /s/ Harvey Bartle III
                                                                  C.J.