```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: DIET DRUGS (PHENTERMINE/     )
FENFLURAMINE/DEXFENFLURAMINE)       )   MDL NO. 1203
PRODUCTS LIABILITY LITIGATION       )
_____ )
THIS DOCUMENT RELATES TO:           )
                                    )
ETHEL MARSHALL                      )
         v.                         )
AMERICAN HOME PRODUCTS CORP.        )   CIVIL ACTION NO. 04-20220
_____ )
JOYCE HARRIS, et al.                )
         v.                         )
AMERICAN HOME PRODUCTS CORP.        )   CIVIL ACTION NO. 04-20224
_____ )
ANNA TILLAGE                        )
         v.                         )
AMERICAN HOME PRODUCTS CORP.        )   CIVIL ACTION NO. 04-20398
_____ )
PRISCILLA LEE, et al.               )
         v.                         )
AMERICAN HOME PRODUCTS CORP.        )   CIVIL ACTION NO. 04-21806
_____ )
```

**MEMORANDUM AND PRETRIAL ORDER NO. _____**

Bartle, C.J.                                          August 27, 2008

Before the court are the motions of Wyeth[1] to dismiss the claims of and/or grant summary judgment against the remaining plaintiffs in the above-captioned actions.[2] Specifically, Wyeth moves with respect to the following plaintiffs:

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

2. Although Wyeth indicated that it also filed a similar motion in Anthony Smith, et al. v. American Home Products Corp., Civil Action No. 04-20219, the docket does not reflect such a filing.

- In <u>Joyce Harris, et al. v. American Home Products Corp.</u>, Civ. A. No. 04-20224, plaintiffs: Geneva Anderson, Vera L. Barnes, Lillie Birdon, Audrey Brown, Mary Marie Brown, Bobbie Carr, Queen R. Clark, Calvin Evans, Carro Lee Frye, Sheila Gardner, Dolly Hargrave, Barbara Harris, Linda Jackson, Cheryl Jeffus, Bernadine Johnson, Flora Jones, Rosie King, Jerry Lyles, Jr., Flora J. Morales, Mary Ann Patterson, Melita W. Pickett, Faye M. Reed, Diane C. Stokes, Willie J. Watkins, Jr., Frances White, Olivia Williams, Annie Jones Wilson, and Arynita Woods.

- In <u>Anna Tillage v. American Home Products Corp.</u>, Civ. A. No. 04-20398, plaintiff Anna Tillage.

- In <u>Ethel Marshall v. American Home Products Corp.</u>, Civ. A. No. 04-20220, plaintiff Ethel Marshall.

- In <u>Priscilla Lee, et al. v. American Home Products Corp.</u>, Civ. A. No. 04-21806, plaintiffs: Bessie Anderson, Amanda Brown, Sarah Marchbanks, and Eloise Tucker.

I.

On October 7, 2002, a complaint was filed in the Circuit Court of Forrest County, Mississippi in the case of <u>Joyce Harris, et al. v. American Home Products Corp., et al</u>. On March 25, 2003, Wyeth removed the action to the United States District Court for the Southern District of Mississippi. On February 23, 2004, an order was entered transferring the case to MDL No. 1203.

On November 21, 2003, a complaint was filed in the United States District Court for the Western District of Alabama in the case of <u>Anna Tillage v. American Home Products Corp., et</u>

<u>al</u>.  On March 29, 2004, an order was entered transferring the case to MDL No. 1203.

On November 24, 2003, a complaint was filed in the United States District Court of the Middle District of Louisiana in the case of <u>Ethel Marshall v. American Home Products Corp., et al</u>.  On March 11, 2004, an order was entered transferring the case to MDL No. 1203.

On April 6, 2004, a complaint was filed in the United States District Court for the Southern District of Mississippi in the case of <u>Priscilla Lee, et al. v. American Home Products Corp., et al</u>.  On June 4, 2004, an order was entered transferring the case to MDL No. 1203.

Each of the above-named plaintiffs alleges Diet Drug usage based on an affidavit from George Camatsos, M.D. ("Camatsos Affidavit") dated March 17, 2003.  According to Wyeth's motions, Dr. Camatsos is a former Mississippi physician.[3]  Attached to Dr. Camatsos's affidavit is a seven-page list of 284 individuals that Dr. Camatsos claims to "recognize, either of [his] own knowledge or by reference to medical records, to have been patients ... to whom [he] prescribed the diet drug Pondimin (Fen-Phen)."  <u>See</u> Exhibit A to the Harris/Lee and Marshall/Tillage motions filed by Wyeth.

---

3.  On August 22, 1991, the Mississippi State Board of Medical Licensure (the "Board") revoked Dr. Camatsos's medical license for numerous violations of Mississippi law.  <u>See</u> Ex. B to the Harris/Lee and Marshall/Tillage Mot.s filed by Wyeth.  On March 18, 1993, the Board denied Dr. Camatsos's Petition for Reinstatement.  <u>See</u> Ex. E to the Harris/Lee and Marshall/Tillage Mot.s filed by Wyeth.  In addition, on August 30, 1991, Dr. Camatsos was sentenced to 366 days incarceration for filing a false tax return.  <u>See</u> Ex. D to the Harris/Lee and Marshall/Tillage Mot.s filed by Wyeth.

On October 18, 2004, Wyeth's counsel met with Carroll Ingram, Esquire of Ingram & Associates, PLLC "to express Wyeth's concern" regarding these claims and the supporting Camatsos Affidavit.  Following this meeting, on or about October 21, 2004, Mr. Ingram filed a motion for voluntary dismissal on behalf of certain plaintiffs in these actions.  On January 6, 2005, Mr. Ingram and his associate, Jennifer I. Wilkinson, Esquire, filed motions to withdraw as counsel for the remaining plaintiffs in the actions at issue.

We subsequently granted the motions for leave to withdraw, subject to counsel notifying plaintiffs that they "shall have thirty (30) days from the date of this order to secure new counsel, and that at the expiration of the thirty-day period, the case shall proceed on its normal trial schedule whether or not plaintiffs have secured new counsel".  See Pretrial Order ("PTO") No. 7372 (Aug. 22, 2007), PTO No. 7374 (Aug. 22, 2007), PTO No. 7703 (Feb. 19, 2008), and PTO No. 7705 (Feb. 20, 2008).  Counsel has complied with the conditions outlined above and thirty days have passed since entry of the orders.

II.

Wyeth argues that the plaintiffs' claims should be dismissed with prejudice, or in the alternative, summary judgment should be granted, because the Camatsos Affidavit is highly suspicious and unreliable.  None of the plaintiffs has opposed Wyeth's motions.[4]

---

4. When a motion for summary judgment is unopposed, Rule 56 of the Federal Rules of Civil Procedure provides that judgment be entered against the non-movant only "if appropriate."  See
(continued...)

III.

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord FED. R. CIV. P. 56(c). Thus, this court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party, however, may not rely upon a "plainly implausible" affidavit to withstand summary judgment. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983).

---

4. (...continued)
Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  Once the moving party has met this burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  See id.  Thus, to withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  "A non-moving party may not 'rest upon mere allegations, general denials or ... vague statements ....'"  Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## IV.

Wyeth argues that the Camatsos affidavit is "highly suspicious and drawn in the most general and conclusory language possible."  In support, Wyeth offers several points.  First,

Wyeth argues that the affidavit is inadequate because it does not set forth the dates on which the claimants were prescribed Diet Drugs.  Rather, the affidavit only states generally that Dr. Camatsos treated 284 persons identified in an attached schedule during the time he practiced medicine in Natchez, Mississippi, which was between 1972 and 1992.

In Maldonado v. Ramirez, 757 F.2d 48, 49 (3d Cir. 1985), Maria Maldonado brought an action for breach of contract against Orlando Ramirez when he failed to repair defects in her house pursuant to a contract between them.  Ramirez moved for summary judgment on the ground that his obligations under the contract were discharged in bankruptcy.  Id.  To prove that Maldonado had notice of the bankruptcy, Ramirez submitted an affidavit from his attorney, which stated that Maldonado had been continuously represented by the same attorney and that this attorney acknowledged receipt of the bankruptcy notice.  Id. at 51.  In reversing the district court's grant of summary judgment, the Third Circuit held that Ramirez's affidavit did not satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure.  Id.  The court reasoned that an affidavit "must ordinarily set forth facts, rather than opinions or conclusions.  An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant's burden." Id. (internal citations omitted).

Here, like in Maldonado, the affidavit of Dr. Camatsos does not satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure.  Rather than setting forth the specific facts relating to each claimant's Diet Drug usage, the affidavit concludes merely that, at some point between 1972 and 1992, Dr. Camatsos prescribed Diet Drugs to an attached list of patients.

Such an affidavit is inadequate to meet plaintiffs' burden on summary judgment. "A non-moving party may not 'rest upon mere allegations, general denials or ... vague statements ...'"). Trap Rock Indus., Inc., 982 F.2d at 890 (quoting Quiroga, 934 F.2d at 500). See also Hurd v. Williams, 755 F.2d 306, 309 (3d Cir. 1985).

Second, Dr. Camatsos states that he "recognize[s], either of [his] own knowledge or by reference to medical records," the persons identified in the attached schedule. Wyeth argues that the affidavit from Dr. Camatsos is insufficient because he failed to attach the relevant "medical records" he reviewed. We agree. Indeed, Rule 56(e) of the Federal Rules of Civil Procedure states that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." FED. R. CIV. P. 56(e) (2007). Dr. Camatsos' affidavit does not meet this requirement.

Third, and finally, Wyeth argues that an examination of the schedule attached to the affidavit from Dr. Camatsos reveals that there are two lists that appear to be prepared at different times. Again, we agree. The attached schedule is not in a consistent format. In addition, the list is in alphabetical order but restarts mid-way through with additional names.

Based on the above, we find that the affidavit from Dr. Camatsos is the type of affidavit that is "plainly implausible" and cannot satisfy plaintiffs' burden here. Indeed, the utility of summary judgment to screen the sham and frivolous case would be severely impaired if such an affidavit were permitted. See Martin v. Merrell Dow Pharms., Inc., 851 F.2d 703, 706 (3d Cir. 1988). Accordingly, Wyeth is entitled to summary judgment as to each plaintiff's claim.

Such an affidavit is inadequate to meet plaintiffs' burden on summary judgment. "A non-moving party may not 'rest upon mere allegations, general denials or ... vague statements ...'"). Trap Rock Indus., Inc., 982 F.2d at 890 (quoting Quiroga, 934 F.2d at 500). See also Hurd v. Williams, 755 F.2d 306, 309 (3d Cir. 1985).

Second, Dr. Camatsos states that he "recognize[s], either of [his] own knowledge or by reference to medical records," the persons identified in the attached schedule. Wyeth argues that the affidavit from Dr. Camatsos is insufficient because he failed to attach the relevant "medical records" he reviewed. We agree. Indeed, Rule 56(e) of the Federal Rules of Civil Procedure states that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." FED. R. CIV. P. 56(e) (2007). Dr. Camatsos' affidavit does not meet this requirement.

Third, and finally, Wyeth argues that an examination of the schedule attached to the affidavit from Dr. Camatsos reveals that there are two lists that appear to be prepared at different times. Again, we agree. The attached schedule is not in a consistent format. In addition, the list is in alphabetical order but restarts mid-way through with additional names.

Based on the above, we find that the affidavit from Dr. Camatsos is the type of affidavit that is "plainly implausible" and cannot satisfy plaintiffs' burden here. Indeed, the utility of summary judgment to screen the sham and frivolous case would be severely impaired if such an affidavit were permitted. See Martin v. Merrell Dow Pharms., Inc., 851 F.2d 703, 706 (3d Cir. 1988). Accordingly, Wyeth is entitled to summary judgment as to each plaintiff's claim.

```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| ETHEL MARSHALL v. AMERICAN HOME PRODUCTS CORP. | ) ) ) ) | CIVIL ACTION NO. 04-20220 |
| JOYCE HARRIS, et al. v. AMERICAN HOME PRODUCTS CORP. | ) ) ) ) | CIVIL ACTION NO. 04-20224 |
| ANNA TILLAGE v. AMERICAN HOME PRODUCTS CORP. | ) ) ) ) | CIVIL ACTION NO. 04-20398 |
| PRISCILLA LEE, et al. v. AMERICAN HOME PRODUCTS CORP. | ) ) ) ) | CIVIL ACTION NO. 04-21806 |

**PRETRIAL ORDER NO.** _____

AND NOW, on this 27th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED as follows:

(1) the motion of Wyeth for summary judgment on the remaining plaintiffs' claims is GRANTED and judgment is entered in favor of Wyeth and against:

    (a) Ethel Marshall, Civ. A. No. 04-20220;

    (b) Dolly Hargrave, Civ. A. No. 04-20224;

    (c) Diane C. Stokes, Civ. A. No. 04-20224;

    (d) Bernadine Johnson, Civ. A. No. 04-20224;

    (e) Audrey Brown, Civ. A. No. 04-20224;

(f)  Olivia Williams, Civ. A. No. 04-20224;

(g)  Queen R. Clark, Civ. A. No. 04-20224;

(h)  Sheila Gardener, Civ. A. No. 04-20224;

(i)  Cheryl Jeffus; Civ. A. No. 04-20224;

(j)  Rosie King; Civ. A. No. 04-20224;

(k)  Mary Ann Patterson, Civ. A. No. 04-20224;

(l)  Arynita Woods, Civ. A. No. 04-20224;

(m)  Calvin Evans, Civ. A. No. 04-20224;

(n)  Barbara Harris, Civ. A. No. 04-20224;

(o)  Geneva Anderson, Civ. A. No. 04-20224;

(p)  Bobbie Carr; Civ. A. No. 04-20224;

(q)  Vera L. Barnes, Civ. A. No. 04-20224;

(r)  Lillie Birdon, Civ. A. No. 04-20224;

(s)  Mary Marie Brown, Civ. A. No. 04-20224;

(t)  Carro Lee Frye, Civ. A. No. 04-20224;

(u)  Linda Jackson, Civ. A. No. 04-20224;

(v)  Flora Jones, Civ. A. No. 04-20224;

(w)  Jerry Lyles, Jr., Civ. A. No. 04-20224;

(x)  Flora J. Morales, Civ. A. No. 04-20224;

(y)  Melita W. Pickett, Civ. A. No. 04-20224;

(z)  Faye M. Reed, Civ. A. No. 04-20224;

(aa) Willie J. Watkins, Jr., Civ. A. No. 04-20224;

(bb) Frances White, Civ. A. No. 04-20224;

(cc) Annie Jones Wilson, Civ. A. No. 04-20224;

(dd) Anna Tillage, Civ. A. No. 04-20398;

(ee) Bessie Anderson, Civ. A. No. 04-21806;

(ff) Amanda Brown, Civ. A. No. 04-21806;

(gg) Sara Marchbanks, Civ. A. No. 04-21806; and

(hh) Eloise Tucker, Civ. A. No. 04-21806;

(2) the motions to stay and motions for conditional revocation of intermediate opt-out rights and dismissal without prejudice of specific plaintiffs' claims (Civ. A. No. 04-20220 (Docket No. 2); Civ. A. No. 04-20224 (Docket No. 8); Civ. A. No. 04-20398 (Docket No. 2); and Civ. A. No. 04-21806 (Docket No. 2)) and the motions to stay and notice of intent of certain plaintiffs (Civ. A. No. 04-20398 (Docket No. 7); Civ. A. No. 04-20224 (Docket No. 14); and Civ. A. No. 04-21806 (Docket No. 8)) are DENIED as moot; and

(3) the Clerk is directed to close the above-captioned actions.

BY THE COURT:

/s/ Harvey Bartle III
                        C.J.