IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| LORETTO C. NARDUCCI and THOMAS A. NARDUCCI, h/w  v.  WYETH, INC. | CIVIL ACTION NO. 08-20006 |

MEMORANDUM + PTO No. 8209

Bartle, C.J.                                           June 30, 2009

Before the Court is the motion of the plaintiffs, Loretto and Thomas Narducci, to amend the caption of the complaint and remand this matter back to the Court of Common Pleas of Philadelphia County.

On May 16, 2008, Loretto Narducci and her son Thomas, citizens of New York, filed a "short-form" complaint in the Court of Common Pleas of Philadelphia County incorporating by reference plaintiffs' master long form complaint, In Re: "Phen-Fen" Litigation in Philadelphia County Court of Common Pleas. The plaintiffs seek damages for personal injuries Ms. Narducci sustained by ingesting dexfenfluramine or redux. She began taking this diet drug on April 24, 1997 and was diagnosed with primary pulmonary hypertension on October 2, 2007. Plaintiffs

-1-

incorporated the following counts from the master long form complaint: negligence (Count I), strict liability in tort (Count II), strict liability - failure to warn (Count III), breach of implied warranty (Count IV), breach of express warranty (Count V), fraud (Count VI), loss of consortium (Count X), damages (XI), and punitive damages (Count XII). Wyeth, Inc. ("Wyeth") is the sole named defendant.

On June 12, 2008, Wyeth timely removed this matter from the Court of Common Pleas of Philadelphia County to this court pursuant to 28 U.S.C. §§ 1441(b) and 1332(a)(1). The Notice of Removal states that Wyeth is incorporated in Delaware and has its principal place of business in New Jersey. The Notice further states that the amount in controversy exceeds $75,000. There does not appear to be any dispute as to the jurisdictional facts.

I.

The plaintiffs maintain that remand is proper because there was a procedural defect in the removal process in that Wyeth failed to attach the "long-form" complaint to its Notice of Removal. Wyeth was required, pursuant to 28 U.S.C. § 1446(a), to file a copy of "all process, pleadings, and orders served upon" it in this action. The long-form complaint was never served on Wyeth and was, therefore, not required to be filed along with its Notice of Removal. Wyeth complied with § 1446(a) by filing a

copy of the Civil Cover Sheet, Notice to Plead and the Civil Action Complaint - Short Form, the only papers served upon it, with its Notice of Removal.

Plaintiffs also maintain that remand is proper pursuant to 28 U.S.C. § 1441(b), which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiffs assert that, by naming Wyeth, Inc. as a defendant, they also intended to include as defendants all of Wyeth's predecessor and subsidiary entities, including Wyeth Pharmaceuticals, Inc., a Pennsylvania citizen. On this basis, they assert that removal is improper under 28 U.S.C. § 1441(b) given that Wyeth Pharmaceuticals, Inc. is a Pennsylvania citizen.

Plaintiffs' intent to name Wyeth Pharmaceuticals, Inc. is irrelevant. The complaint names Wyeth, Inc., a citizen of Delaware and New Jersey, as the sole defendant in this matter. Paragraph 2 of the short form complaint specifically states "The Defendants are those parties listed in the caption." See Compl., ¶ 2. Wyeth, Inc. is the only party listed in the caption. Removal of this action from the state court did not violate the provision of § 1441(b) which prohibits an in-state defendant from

removing a diversity action to federal court. Wyeth, Inc., the named defendant, is not a citizen of Pennsylvania and, therefore, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Finally, plaintiffs seek leave to amend the caption of the complaint to add Wyeth Pharmaceuticals, Inc. and other Wyeth related entities. Plaintiffs incorrectly assert that amendment is proper pursuant Fed. R. Civ. P. 15(a)(1)(A), which permits a party to amend a pleading as a matter of course before being served with a responsive pleading. Wyeth filed its answer with affirmative defenses on June 12, 2008 [doc. no. 3]. In the certificate of service filed with the answer, Attorney Paul Kerrigan certifies that he served the plaintiff with the answer on June 12, 2008 via First-Class mail. Thus, amendment of the pleading is not plaintiffs' right but leave may be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs appear to seek amendment of the complaint to add Wyeth Pharmaceutics, Inc. and other related entities as defendants in the hopes of destroying diversity or at least requiring remand. Even were the other related Wyeth entities added as defendants to this action, subject matter jurisdiction would still exist because none of them is alleged to be a citizen of New York. 28 U.S.C. § 1332(a)(1). Furthermore, where diversity continues to

exist, the addition of an in-state defendant *after* a case has been removed to federal court will not violate the provision of 28 U.S.C. § 1441(b) prohibiting removal by an in-state defendant. Plaintiffs give absolutely no other reason for their request to add as defendants other Wyeth entities. Accordingly, we will deny their request to amend the caption.