IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL DOCKET NO. 1203 |
| EDDIE TUCKER, JR. | : : | CIVIL ACTION |
| v. | : : | |
| WYETH, f/k/a AMERICAN HOME PRODUCTS, et al. | : : : | NO. 03-20082 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8304**

Bartle, C.J.                                      September 29, 2009

In or around April of 2002, plaintiff Eddie Tucker, Jr.
filed this lawsuit in the Northern District of Mississippi
alleging loss of consortium as a result of his wife's ingestion
of diet drugs.  His wife, Hazel Tucker, filed suit separately in
Mississippi state court for her alleged injuries.  She is not a
party to this action.  The Judicial Panel on Multidistrict
Litigation transferred this matter to this court as part of the
Diet Drug Multidistrict Litigation, that is MDL 1203, for
coordinated or consolidated pretrial proceedings.  See 28 U.S.C.
§ 1407.  The law of Mississippi, that is the transferor
jurisdiction, governs this case.  17 JAMES WM. MOORE ET AL., MOORE'S
FEDERAL PRACTICE § 112.07 (3d ed. 1997 & Supp. 2007).

Now pending before the court is the motion of Wyeth for
summary judgment on medical causation pursuant to Fed. R. Civ. P.

56(c).  Co-defendants, S. Jay McDuffie, M.D. and Curren J.
Sanders, Jr., M.D., join in the motion of Wyeth for summary
judgment.  The plaintiff did not file a response to Wyeth's
motion.

        Pursuant to Rule 56(c) of the Federal Rules of Civil
Procedure, summary judgment should be "rendered if the pleadings,
the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(c).  A dispute is genuine if the
evidence is such that a reasonable jury could return a verdict
for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 248 (1986).  A factual dispute is material when it
"might affect the outcome of the suit under the governing law."
Id.  After reviewing the evidence, the court makes all reasonable
inferences from the evidence in the light most favorable to the
non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357
(3d Cir. 2004).

        Where the nonmoving party bears the "burden of
persuasion at trial, the moving party may meet its burden on
summary judgment by showing that the nonmoving party's evidence
is insufficient to carry that burden."  Wetzel v. Tucker, 139
F.3d 380, 383 (3d Cir. 1998).  A genuine issue of material fact
is created if the nonmoving party "provides sufficient evidence

-2-

to allow a reasonable jury to find for him at trial." Id.  The
evidence submitted and relied upon must be admissible at trial.
Id.

        We are required to view the evidence submitted on a
motion for summary judgment in the light most favorable to the
non-moving party.  Anderson, 477 U.S. at 255.  The plaintiff has
neither responded nor produced evidence in opposition to the
motion of Wyeth for summary judgment.  In his complaint, the
plaintiff alleges he has suffered loss of consortium resulting
from his wife's ingestion of diet drugs.  This is a derivative
claim in that he "stand[s] in the shoes of the injured third-
party, subject to all defenses that would have been available
against the injured person."  Owens Corning v. R.J. Reynolds
Tobacco Co., 868 So.2d 331, 342 (Miss. 2004) (citing Choctaw,
Inc. v. Wichner, 521 So.2d 878 (Miss. 1988)).  Just as every
defense that is available against the injured person is available
to the consortium plaintiff, every element of the injured
person's personal injury claim must be proved to support a loss
of consortium claim.  Thus, the plaintiff must prove that his
wife's ingestion of diet drugs caused her personal injury.  See
McCoy v. Colonial Baking Co., Inc., 572 So.2d 850 (Miss. 1990).

        The deadline for plaintiff's submission of case-
specific experts, including medical experts to testify as to the
causal link between Hazel Tucker's ingestion of diet drugs and

-3-

her personal injuries, was July 1, 2003.  According to Wyeth, no experts have been designated.  Despite an opportunity to come forward with an expert designation, the plaintiff has not done so.  Without a medical expert to opine as to the cause of Hazel Tucker's injuries, the plaintiff cannot meet his burden at trial of proving his loss of consortium claim.

Accordingly, we will enter an order granting the motion of Wyeth for summary judgment.

-4-