IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| This document relates to: | |
| BRUNETTA ADAMS v. WYETH, et al. | NO. 04-29688 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8331**

Bartle, C.J.                                    October 27, 2009

Before the court is the motion of the plaintiff, Brunetta Adams, to remand this case to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana on the ground that complete diversity of citizenship is lacking. Wyeth removed this case to the Middle District of Louisiana pursuant to 28 U.S.C. §§ 1332 and 1441. The Judicial Panel on Multidistrict Litigation subsequently transferred it to this court as part of the Diet Drug Multidistrict Litigation, that is MDL 1203, for coordinated or consolidated pretrial proceedings. See 28 U.S.C. § 1407. No federal claim for relief is alleged in the plaintiff's petition for damages.

The petition names Interneuron Pharmaceuticals, Inc., which is now known as Indevus Pharmaceuticals, Inc. ("Indevus"), Wyeth, formerly known as American Home Products Corporation, Wyeth Pharmaceuticals, formerly known as Wyeth-Ayerst

Laboratories, Inc. and Kevin Scott McQueen, a sales representative for Wyeth.

The plaintiff and defendant, McQueen, are citizens of Louisiana. Indevus is incorporated in Delaware with its principal place of business in Massachusetts. Wyeth is incorporated in Delaware and has its principal place of business in New Jersey. Finally, Wyeth Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Thus, none of the corporate defendants is a citizen of Louisiana.

In brief summary, the petition alleges that the plaintiff sustained injuries and damages as a result of her ingestion of the diet drugs Redux, Pondimin and Phentermine. The plaintiff's claims are asserted under theories of strict liability, strict products liability, failure to adequately warn, negligence, redhibition, fraudulent misrepresentation, and breach of implied and/or express warranties.

With respect to McQueen, plaintiff alleges he failed to convey adequate warnings to the plaintiff through the prescribing physician. According to the petition for damages, McQueen was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous diet drugs and negligently distributed, marketed, advertised and/or promoted such drugs. It further asserts that McQueen made negligent misrepresentations regarding the safety and efficacy of the drugs and failed to

provide sufficient instructions to the plaintiff and/or her prescribing physician regarding use of the drugs.

I.

Under the federal removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). If an action originally instituted in a state court could have been brought in federal court pursuant to diversity jurisdiction, the defendants may remove it to federal court provided certain procedures are followed and certain conditions met. 28 U.S.C. §§ 1441 and 1446. Similarly, if the federal court subsequently determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court from which it came. 28 U.S.C. § 1447(c).

In order to remove an action to the federal court, it is well settled that all defendants must timely consent to the removal. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). The unanimity rule, however, is not applicable with respect to any defendant who has been fraudulently joined. Id. at 213 n.4. Under our Court of Appeals decision in Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), joinder is

fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." (quotations omitted). The presence of a party fraudulently joined cannot defeat removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

We recognize that the burden on Wyeth to establish fraudulent joinder is a heavy one. Id. at 111. While we "must resolve all contested issues of substantive fact in favor of plaintiff," we do not take this to mean we must blindly accept whatever plaintiff may say no matter how incredible or how contrary to the overwhelming weight of the evidence. Id. We are also cognizant that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). Nonetheless, we are mindful of the Supreme Court's decision in Wilson. The Court made it clear that if the plaintiff contests a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence. Wilson, 257 U.S. at 98. We are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.

II.

The defendants argue that McQueen was fraudulently joined solely for the purpose of destroying diversity of citizenship and preventing removal. Wyeth asserts that the claims asserted against McQueen fail in light of McQueen's affidavit in which he attests that he was unaware of the danger associated with ingestion of diet drugs. McQueen states in his affidavit that he was not aware of "any association between Pondimin and/or Redux and valvular heart disease until the time such an allegation was first published." The plaintiff has not submitted any evidence that refutes this sworn statement by McQueen. Given McQueen's lack of knowledge of the dangerous side effects of ingestion of the drugs, we do not see how he could have misrepresented such dangers.

Plaintiff relies on a report and recommendation from Magistrate Judge Wilson in Richard v. Wyeth, No. 04-1582 (W.D. La. Sept. 30, 2004) to argue that she has a viable cause of action against McQueen. However, the District Court for the Western District of Louisiana did not fully adopt this report and recommendation. In Richard, the District Court held that the joinder of Angelle Lege, a sales representative for Wyeth, was fraudulent because the plaintiff had no viable cause of action against her. The sales representative executed an affidavit stating that she never promoted Pondimin, nor left samples of it with any physician. In response, the plaintiff presented an affidavit from a physician stating the opposite, namely, that the

sales representative had made several representations to him regarding the drug and these representations were not contained in the drug's FDA-approved labels. On this basis, the Magistrate Judge resolved the disputed factual issue in favor of remand.

The District Court held that the plaintiff did not have a viable cause of action against the sales representative, even if she made misrepresentations regarding the diet drugs. It noted that the plaintiff failed to submit any evidence to refute the representative's sworn statement that she was unaware of the danger associated with the diet drugs. The Court reasoned that it would be impossible for the representative to make misrepresentations about a danger of which she was unaware. The Court also noted the lack of any evidence that the sales representative made such misrepresentations to the plaintiff's prescribing physician. Finally, the Court reasoned that the plaintiff's physician had the FDA approved product insert and it would be unreasonable for a physician to ignore the information contained in that document in favor of representations made by a sales representative.

We agree with the reasoning of the District Court for the Western District of Louisiana in Richard. As in Richard, the plaintiff here has submitted no evidence to rebut the affidavit of McQueen that he was unaware of the dangers associated with diet drugs. Moreover, there is no indication in the petition for damages that the plaintiff or the plaintiff's doctor received any drugs from McQueen. Finally, any allegations of

misrepresentation or fraud fall far short of what is required under both federal and Louisiana law.  See Fed. R. Civ. P. 9(b); La. Code Civ. Proc. Art. 856; <u>Private Connection Property, Inc. v. Fox Cars, LLC</u>, 6 So.3d 866, 872 (La. Ct. App. 2009).

For all of the reasons stated above, Wyeth has clearly demonstrated that Kevin Scott McQueen was fraudulently joined. Accordingly, we will enter an Order denying the motion of the plaintiff to remand this action to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana and will dismiss the petition as to McQueen.