IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/      )
FENFLURAMINE/DEXFENFLURAMINE)        )      MDL NO. 1203
PRODUCTS LIABILITY LITIGATION        )
_____)
                                     )
THIS DOCUMENT RELATES TO:            )
                                     )
SHEILA BROWN, et al.                 )
                                     )
            v.                       )
                                     )
AMERICAN HOME PRODUCTS               )
CORPORATION                          )      CIVIL ACTION NO. 99-20593

## MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8610

Bartle, C.J.                                        February 15, 2011

            Before the court is the petition of Krause & Hovland,

Chartered ("Krause firm") for an order approving its attorneys'

fees and expenses incurred in securing benefits from the AHP

Settlement Trust ("Trust") for the Estate of Charles E. Tynes

("Estate") and minor Sarah M. Tynes, the daughter of Charles E.

Tynes ("decedent" or "Mr. Tynes"). The Trust awarded Matrix A-1,

Level V benefits in the amount of $1,278,997 to the Estate and

decedent's minor daughter will inherit a portion of this

recovery. The Trust also awarded derivative benefits in the

amount of $12,919 to decedent's minor daughter. Finally, the

Trust approved the reimbursement of the Krause firm's expenses,

which total $13,365.06.

            Under Rule 41.2 of the Local Rules of Civil Procedure

for the United States District Court for the Eastern District of

Pennsylvania, "[n]o counsel fee, costs or expenses shall be paid

out of any fund obtained for a minor, incapacitated person or such decedent's estate as a result of a compromise, settlement, dismissal or judgment unless approved by the Court."  In Pretrial Order ("PTO") No. 2580, as modified by PTO No. 7873, we approved the Rules for Review of Attorneys' Fee Petitions and Other Compromises by Representative Claimants, Minor Claimants, and Other Claimants ("Rules for Review of Attorneys' Fee Petitions"). Sarah Tynes, the derivative claimant, is a minor and she will inherit a portion of the recovery by the Estate.  As such, her interests are protected "above all other conflicting interests." Fancsali v. Univ. Health Center of Pittsburgh, 761 A.2d 1159, 1162 (Pa. 2000).  Accordingly, we must review the attorneys' fees to be deducted from the benefits awarded to her and the Estate. See Local Rule of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, Rule 41; Rules for Review of Attorneys' Fee Petitions, § II.

An attorney filing a petition for fees must include with the petition:

> (a) a proposed form of Order; (b) the terms of the attorney's agreement with the Claimant for the payment of fees and costs, a copy of which must be attached; (c) a citation of authority that states any limits on or presumptions or guidelines relating to contingent fee agreements in the jurisdiction(s) governing the contractual relationship between the attorney and the Claimant; and (d) an explanation of why the attorney's fees and costs are reasonable.

Rules for Review of Attorneys' Fee Petitions, § II.3.  The explanation must include:

(1) The amount of work performed;
(2) The character of the services rendered;
(3) The difficulty of the problems involved;
(4) The importance of the litigation;
(5) The degree of responsibility involved;
(6) Whether the fund involved was "created" by the attorney;
(7) The professional skill and standing of the attorney in his or her own profession;
(8) The results the attorney was able to obtain;
(9) Such further information the attorney views as pertinent.

Id.

Under the Settlement Agreement and PTO No. 7763A, approximately 6.39 percent is deducted from all payments to claimants receiving benefits from Fund B. See Settlement Agreement § VIII.E.1.b; PTO No. 7763A. This percentage was set aside for payments to Class Counsel whose role was crucial in crafting the Settlement Agreement. The amount paid to the individual class member's attorney is the total attorney's fee due under the contingency agreement less 6.39 percent of the total payments due to the claimant before any deductions. Id.

The Krause firm's fee agreements with the Estate and the derivative claimant provide that it would be entitled to 33.3 percent of any award and the reimbursement of its actual costs and disbursements. In its petition, the Krause firm seeks fees in the amount of approximately 26.94 percent of the benefits awarded to the Estate and Sarah Tynes. Thus, as required by the Settlement Agreement, the Krause firm has appropriately reduced its contingency fees by the amount set aside for Class Counsel.

The memorandum in support of its petition reflects that the Krause firm is responsible for approximately 200 hours of work on the claims of Mr. Tynes, the Estate and the derivative claimant since April 8, 2002. The Krause firm outlines, among other things, the work performed on behalf of these claimants, the additional time spent by the responsible attorneys in educating themselves about the medicine involved and the Settlement Agreement, and the steps taken to establish the Estate's entitlement to Matrix A, Level V benefits.

The Krause firm further emphasizes that, under the law of the state of Louisiana, a contingency fee in the amount of one-third of a client's recovery is appropriate provided that the agreed upon services are rendered. <u>Saucier v. Hayes Dairy Products, Inc.</u>, 373 So. 2d 102, 105-06 (La. 1978). We agree that an attorney's fee of 33.3 percent generally is fair and reasonable. We also note that the Louisiana District Court for the 22nd Judicial District, Parish of Washington has approved the Krause firm's fees and expenses. Under the circumstances, the attorneys' fees and expenses related to the claims of the Estate and Sarah Tynes are fair and reasonable.