IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: GEOFFREY DREW, M.D., et al. v. AMERICAN HOME PRODUCTS, INC. | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 00-21044 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8859**

Bartle, J.                                                         March 30, 2012

Before the court is the motion of plaintiffs for suggestion of remand to the United States District Court for the Southern District of California.

Plaintiffs are physicians who operated weight-loss clinics or other facilities where they prescribed the diet drugs fenfluramine, dexfenfluramine, and phentermine to their patients. According to the complaint, Wyeth[1] engaged in a fraudulent scheme to conceal the risks associated with these drugs and to aggressively market the drugs to healthcare providers. Plaintiffs allegedly suffered "severe economic and personal damages centered on the sudden disintegration of their business

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

investment" when the diet drugs were withdrawn from the market in September, 1997 and they had to close their clinics as a result.

This action was transferred to this court pursuant to 28 U.S.C. § 1407(a) by order of the Judicial Panel on Multidistrict Litigation as related to <u>In re Diet Drugs Products Liability Litigation</u> (No. 12-1203) ("MDL"). That statute provides:

> When civil actions involving one or more
> common questions of fact are pending in
> different districts, such actions may be
> transferred to any district for coordinated
> or consolidated pretrial proceedings. Such
> transfers shall be made by the judicial panel
> on multidistrict litigation authorized by
> this section upon its determination that
> transfers for such proceedings will be for
> the convenience of parties and witnesses and
> will promote the just and efficient conduct
> of such actions.

28 U.S.C. § 1407(a). To be coordinated or consolidated, cases need not present identical facts but merely must involve "overlapping issues." <u>In re Patenaude</u>, 210 F.3d 135, 144 (3d Cir. 2000). Transfer is appropriate where it will "avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources." <u>In re Air Disaster at Denver</u>, 486 F. Supp. 241, 243 (J.P.M.L. 1980).

Virtually all of the cases in this MDL involve claims brought by persons who suffered physical injury or on behalf of those who suffered death from ingestion of these diet drugs. Nonetheless, several issues in this action overlap with these

other MDL cases, including Wyeth's knowledge of the adverse health effects associated with diet drugs and how Wyeth marketed the drugs. Wyeth has already produced more than five million documents in this MDL which deal with its marketing materials, clinical studies, financial data, and other information relevant to plaintiffs' claims. Plaintiffs' assertion that this action involves "unsettled" and "difficult" questions of state law which render coordinated pretrial proceedings inappropriate is unpersuasive.

Accordingly, the motion of plaintiffs for suggestion of remand to the United States District Court for the Southern District of California will be denied.