IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS            :      MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,  :
DEXFENFLURAMINE) PRODUCTS    :
LIABILITY LITIGATION         :
                             :
THIS DOCUMENT RELATES TO:    :
                             :
_____      :
JANET MITCHELL, et al.       :
                             :
        v.                   :
                             :
PFIZER, INC., et al.         :      NO. 12-20009-HB

## MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8958

Bartle, J.                              November 7 , 2012

        Plaintiffs Janet Mitchell and her husband Stephen
Mitchell and Julie Sandoval and her husband Arthur Sandoval filed
this lawsuit in the Superior Court of California against
defendants Pfizer, Inc., Wyeth, Inc., Wyeth Pharmaceuticals,
Inc., Wyeth Holding Corp. ("Wyeth") and McKesson Corporation
(McKesson).[1]  Defendants removed the action to the Northern
District of California.  The Judicial Panel on Multidistrict
Litigation transferred the action to this court for all pretrial
proceedings pursuant to 28 U.S.C. § 1407 as part of the Diet
Drugs MDL 1203.  Before the court is plaintiffs' motion to remand
to the state court on the ground that complete diversity of

_____

1.  Plaintiffs have also sued "John Doe," "Jane Doe," and "Jill
Doe" defendants.

citizenship is lacking.   See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Plaintiffs Jane Mitchell and Julie Sandoval allege that they suffered damages as a result of ingesting the diet drugs Pondimin (fenfluramine) and Redux (Dexfenfluramine) (collectively "phen-fen") which were manufactured by Wyeth and distributed by McKesson.   Their husbands assert derivative claims.   Plaintiffs bring claims for:   (1) strict liability (failure to warn); (2) negligence; (3) breach of express and implied warranty; (4) deceit by concealment; (5) negligent misrepresentation; and (6) violations of various California consumer protection statutes. No federal claim for relief is alleged.

It is undisputed that the plaintiffs Julie Sandoval and Arthur Sandoval are citizens of the state of California[2] as is the defendant McKesson.   Thus, based on the complaint, complete diversity of citizenship is lacking, and we have no subject matter jurisdiction based on 28 U.S.C. § 1332(a).   See Caterpillar, 519 U.S. at 68.

Defendants argue that McKesson was fraudulently joined. If so, McKesson must be dismissed, and the court would then have subject matter jurisdiction since none of the remaining defendants is a citizen of California.

---

2.   In their amended complaint, the Mitchells allege they are also citizens of California.   In the notice of removal, defendants maintain the Mitchells are citizens of Colorado.   We need not resolve this dispute for present purposes since none of the defendants is a citizen of Colorado and the Sandovals are citizens of California.

-2-

As an MDL court sitting within the Third Circuit, we apply our Court of Appeals' fraudulent joinder standard. See In re Korean Airlines Disaster, 829 F.2d 1171, 1174 (D.C. Cir. 1987). The analysis requires this court to decide whether there is a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). Thus, "[i]f there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Defendants bear a heavy burden in seeking to have the court ignore the citizenship of the non-diverse defendant, McKesson, on the ground that McKesson was fraudulently joined. Id. In determining whether defendants have met their burden, we must "resolve all contested issues of substantive fact in favor of the plaintiff." Id. We are also cognizant of the fact that the removal statute must be construed narrowly, and "all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). We are mindful that our inquiry into the claim of fraudulent joinder is less searching than what is permissible when a party seeks to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Batoff v. State Farm Ins. Co., 977 F.2d 848,

-3-

852 (3d Cir. 1992).  Simply because a claim against a party may ultimately be dismissed for failure to state a claim or is otherwise barred does not necessarily mean that the party was fraudulently joined.  The test is whether a claim is colorable, that is, not "wholly insubstantial and frivolous."  Id.

Defendants maintain that fraudulent joinder exists because any state law claim against McKesson is preempted by federal law under the Supreme Court's ruling in PLIVA, Inc. v. Mensing, 564 U.S. ---, 131 S. Ct. 2567 (2011).  In that case, the Court decided that certain federal drug regulations preempt state law personal injury claims brought against generic drug manufacturers for failure to warn about the dangers of the drugs they made.

The question presented here is whether this court, in an action removed from state court, may dismiss a defendant as fraudulently joined if federal preemption vitiates the state law causes of action against that defendant.

We start with the principle that the plaintiffs are the masters of their complaint.  If the pleading alleges only state law claims with non-diverse parties, the action cannot be removed even if a defendant has an affirmative defense grounded in federal law.  This is so because under Briscoe and Boyer fraudulent joinder must be decided based on whether the plaintiff has stated a colorable claim, not on defendant's possible defenses.  Here, the defendants are contending that federal preemption trumps a state claim.  The Supreme Court has explained

-4-

that the defense of federal preemption is to be treated no differently than any other federal defense.  <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 13-14 (1982).  The court must look only to the four corners of the complaint in determining whether removal was proper and subject matter jurisdiction exists.  An affirmative defense, which of course does not appear in the complaint, cannot be considered in determining whether a plaintiff has stated a colorable claim under state law.  <u>See</u> <u>Hunter v. Phillip Morris USA</u>, 582 F.3d 1039 (9th Cir. 2009).

In <u>Franchise Tax Board</u>, the plaintiff brought an action in the state court against the defendant pursuant to a state income tax law.  The defendant removed the action, under 28 U.S.C. § 1441, on the ground that the Employment Retirement Income Security Act, 29 U.S.C. § 1002 et. seq., preempted state law.  The Supreme Court held that removal was improper.  Justice Brennan wrote for the Court:

> ... since 1887, it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

The Supreme Court reiterated the principle more recently in <u>Vaden v. Discover Bank</u>, --- U.S. ---, 129 S. Ct. 1262, 1272 (2009). Plaintiff instituted a state contract action against the defendant to collect past-due charges accrued on defendant's

credit card.  Plaintiff then filed a petition in the United
States District Court to compel arbitration under the Federal
Arbitration Act.  Plaintiff asserted federal jurisdiction on the
ground that the defendant's state law counterclaims were
preempted.  The Court stated:

> [The] well-pleaded complaint rule, properly
> understood, [does not] allo[w] a counterclaim
> to serve as the basis for a district court's
> 'arising under' jurisdiction... ("The well-
> pleaded complaint rule applies to the
> original jurisdiction of the district courts
> as well as to their removal jurisdiction.").

Our Court of Appeals, as noted above, has reasoned that
in any fraudulent joinder analysis the question is whether a
plaintiff has stated a colorable claim against the non-diverse
defendant absent "no real intention in good faith to prosecute
the action against the defendant or seek a joint judgment."
Boyer, 913 F.2d at 111.  The latter is not an issue here.  As a
result, the focus under the present circumstances must be solely
the allegations in the complaint and not on any other pleading or
affirmative defense to determine if subject matter jurisdiction
exists.

The Supreme Court in Franchise Tax Board and in Vaden
have stated that only the contents of the well-pleaded complaint
may be considered in deciding the propriety of removal when a
state law action is removed based on a defense of federal
preemption.  While these decisions do no involve fraudulent
joinder, their reasoning, in our view, is equally applicable
here.

-6-

In sum, defendants' reliance on a federal preemption defense to support their assertion that McKesson has been fraudulently joined fails.

Finally, defendants contend that plaintiffs have not adequately pleaded a state law claim against McKesson, even without considering federal preemption.  We disagree.  We are persuaded that plaintiffs have met the applicable California pleading standard.  That standard requires only a "statement of the facts constituting the cause of action, in ordinary and concise language."  Cal. Civ. Proc. Code § 425.10.  Moreover, the complaint alleges a colorable claim.  It avers that McKesson was a "participant in the chain of distribution of the Pondimin and/or Redux that plaintiffs ingested."  It further sets forth, among other things, that "McKesson knew of the risk of [primary pulmonary hypertension] associated with using the subject drugs... and failed to apprise the Plaintiffs, the public at large, or physicians of those material facts and risks."

Since plaintiffs have pleaded colorable state law claims against McKesson, there is no fraudulent joinder and McKesson remains a defendant.  With its presence, no diversity jurisdiction exists.  Accordingly, we will grant the motion of plaintiffs to remand this action to the Superior Court of California in and for the County of San Francisco.  Whether federal preemption bars plaintiffs' claims will be for the state court to decide.  No attorneys' fees or costs will be awarded to plaintiffs.

-7-