IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL DOCKET No. 1203 |
| JENNIFER HEINEMAN, et al. | : : | CIVIL ACTION |
| v. | : : | |
| AMERICAN HOME PRODUCTS CORPORATION, et al. | : : | NO. 12-20002 |

## MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9099

Bartle, J.                                                                                                                                                                                                         June 26, 2013

      Plaintiffs, Jennifer and Eric Heineman, have sued defendants American Home Products Corporation, Wyeth-Ayerst Pharmaceuticals Inc., and Wyeth-Ayerst International Inc., (hereinafter collectively "Wyeth"). Plaintiffs claim that Ms. Heineman suffered pulmonary hypertension as a result of the ingestion of Wyeth's diet drug "Fen-Phen." The essence of the suit stems from defendants' alleged failure to warn against the specific risks associated with ingesting the drug. The lawsuit was originally filed in the Court of Common Pleas of Philadelphia County and was timely removed to this court under 28 U.S.C. § 1446 based on diversity of citizenship and the requisite amount in controversy under 28 U.S.C. § 1332(a). Plaintiffs' motion to remand was denied. See PTO No. 8914.

      Before the court is the motion of the defendants to transfer this action pursuant to 28 U.S.C. § 1404(a) from this

District to the District of Colorado now that pretrial proceedings have been completed as part of MDL No. 1203. See 28 U.S.C. § 1447.

It is undisputed that plaintiffs are both residents of Colorado. The defendants are incorporated in either Delaware or New York, with their principal places of business in either Pennsylvania or New York. Ms. Heineman was prescribed the diet drug in issue in Colorado and developed her alleged pulmonary hypertension there as a result of ingesting the drug. She has been treated by various Colorado physicians due to her medical condition.

Title 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought...

The district court has broad discretion in deciding a motion for transfer of venue. White v. SmithKline Beecham Corp., No. 06-3025, 2007 WL 1237952, at *2 (E.D. Pa. Apr. 2, 2007). A case that has been removed from state court may be transferred to a different district as long as venue is proper in both the original and the transferee district. Jumara v. State Farm Ins. Co., 55 F. 3d 873, 878 (3d Cir. 1995). There is no dispute that venue is proper in the Eastern District of Pennsylvania. 28 U.S.C. § 1391(b)(2). In determining whether transfer is proper, "for the convenience of parties and witnesses, in the interest of

justice," our Court of Appeals has established a list of private and public factors to consider. The private factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claims arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara, 55 F. 3d at 879 (citations omitted).

Although plaintiffs' forum preference is given substantial weight, it is afforded less weight when the plaintiff selects a forum which is neither his or her home nor the place of the significant events upon which the suit is predicated. See In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011); Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010); Copley v. Wyeth, No. 09-722, 2009 WL 2160640 (E.D. Pa. July 17, 2009). Here, the plaintiffs' forum preference will not be given much weight as they are residents of Colorado and the suit is based on Wyeth's failure to warn leading to Ms. Heineman's harmful ingestion of the diet drug, all of which took place in Colorado. The defendants' forum preference is, of course, Colorado.

The claim in issue clearly arose in Colorado. Ms. Heineman was prescribed the diet drug there and allegedly

suffered her pulmonary hypertension there as a result of ingesting the drug.

The transfer to the District of Colorado is more convenient for the parties as indicated by their physical and financial conditions. The plaintiffs are physically present in Colorado, and it will clearly be less expensive for them to have this action tried near their home. The defendants, as large corporations, do not bear a meaningfully heavier financial burden in one district versus another. In any event, defendants seek a transfer to Colorado.

As for the "convenience of witnesses," the defendants have made clear that they plan on calling at least two of the treating physicians as key witnesses who will testify about causation and statute of limitation issues. These witnesses are located in Colorado and cannot be compelled to testify in this District since they are well out of reach of this court's subpoena power. Fed. R. Civ. P. 45(b)(2). Although both parties' primary expert witnesses[1] are located in Philadelphia, no one asserts that the experts will not appear in Colorado if the case is transferred. Courts generally do not consider the convenience of experts as they are likely compensated for their role in the litigation and are presumably willing to testify in either forum. See Howell v. Shaw Indus., No. 93-2068, 1993 WL 387901 (E.D. Pa. Oct. 1, 1993). Additionally, defendants

---

1. Dr. Cheryl Blume is the expert for the plaintiff and Dr. Paul Forfia fills that role for the defendants.

maintain, and plaintiffs do not deny, that it is unlikely that either party will call any Wyeth company witnesses to testify as their videotaped depositions will be used.

To the extent it is still a relevant issue given modern technological advances, the majority of the medical records are located in Colorado. Any necessary records Wyeth has outside of that state can easily be made available there. See Copley, 2009 WL 2160640, at *6.

In sum, the private factors which we must consider under Jumara weigh in favor of transfer.

The public interest factors which we must take into account under Jumara include:

> [1] the enforceability of the judgment, [2] practical considerations that could make the trial easy, expeditious, or inexpensive, [3] the relative administrative difficulty in the two fora resulting from court congestion, [4] the local interest in deciding local controversies at home, [5] the public policies of the fora, and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

55 F. 3d at 879-80 (citations omitted).

The judgment, of course, can be enforced regardless of which district is the trial forum. It is more practical to have the trial in Colorado where both the plaintiffs and their physicians are located. It will be less expensive and easier than having the trial on the opposite side of the country in Pennsylvania. The congestion of each court is not an issue. This court has set a trial date in November 2013 if the lawsuit

-5-

remains here, and we have no reason to believe that a prompt trial date will not be scheduled in the District of Colorado if the case is moved to that district. Colorado not only has a strong interest in resolving the product liability claims of its own citizens but also is the site where the injuries took place as well as a majority of the relevant events or omissions. Finally, Pennsylvania's choice of law rules will apply. See Van Dusen v. Barrack, 376 U.S. 612 (1964). Regardless of what substantive law will apply, there is no doubt that a federal judge in Colorado is fully capable of applying it.[2] The public factors favor transfer of venue to Colorado.

This court has previously granted transfer of venue in product liability suits where the plaintiff developed complications resulting from ingestion of a pharmaceutical. See Copley, 2009 WL 2160640; Sykes v. GlaxoSmithKline, 484 F. Supp. 2d 289 (E.D. Pa. Mar. 28, 2007); White v. SmithKline Beecham Corp., No. 06-3025, 2007 WL 1237952 (E.D. Pa. Apr. 26, 2007). In Copley, this District granted transfer to the Middle District of Tennessee. The court, among all the factors, focused on the convenience of non-party witnesses and made clear that live testimony is preferred over deposition testimony. Copley, 2009 WL 2160640 at *5. Further, the physicians, as key non-party witnesses, were located outside of the 100 mile subpoena power of

---

2. We also note that plaintiffs' lead trial lawyer is from Oklahoma, not Pennsylvania.

the court, thus inhibiting the parties' ability to guarantee their live testimony. Id. at *6.

The current case is no different than Copley and the public and private factors overwhelmingly weigh in favor of transfer to the District of Colorado. For the foregoing reasons, the motion of defendant Wyeth for transfer of venue will be granted.