IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| ROSALYN DAIGLE, et al.<br><br>v.<br><br>WYETH-AYERST PHARMACEUTICALS, INC., et al. | CIVIL ACTION NO. 03-20130 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 9340**

Bartle, J.                                                                                     August 15, 2014

Plaintiff Timothy Danos filed this lawsuit in Louisiana state court against defendants Wyeth-Ayerst Pharmaceuticals, Inc., AH Robins Company, Inc., AHP Subsidiary Holding Corporation, and Indevus Pharmaceuticals, Inc. Defendants then removed the action to the Eastern District of Louisiana. The Judicial Panel on Multidistrict Litigation transferred the action to this court for all pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of the Diet Drugs MDL 1203. Before the court is the motion of counsel for Danos, Darleen M. Jacobs and Robert G. Harvey, Sr., for leave to file a petition for intervention.

According to the proposed petition, Danos retained the services of Ms. Jacobs and Mr. Harvey pursuant to an Assignment of Interest and Employment Agreement that provides for attorneys' fees of 40% of all sums recovered and all costs advanced on his behalf. Ms. Jacobs and Mr. Harvey contend that, pursuant to

Louisiana Revised Statute 37:218, they have acquired a legal interest in this proceeding that will be prejudiced if they are not permitted to intervene.[1]

Intervention as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure is permitted only if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 366 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)).[2] Intervention as of right is appropriate only where each of these factors is satisfied. Id. We conclude Ms. Jacobs and Mr. Harvey cannot satisfy each of these factors.

First, Ms. Jacobs and Mr. Harvey do not have a sufficient interest in the litigation. The Third Circuit has explained,

> [A]n intervenor's interest must be one that is significantly protectable. [This means

---

1. Ms. Jacobs and Mr. Harvey filed the instant motion after receiving a letter from Mr. Danos discharging them as his counsel. According to Ms. Jacobs and Mr. Harvey, they provided Mr. Danos with many hours of legal services, medical assistance, medical advances, and advances toward the completion of his claim.

2. Ms. Jacobs and Mr. Harvey do not contend they are entitled to permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

-2-

> that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors.... In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) (quoting Mountain Top Condo. Ass'n, 72 F.3d at 366).

Rule 24 provides that one who seeks to intervene must "claim[] an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The subject of this action is the injury Mr. Danos allegedly sustained as a result of his ingestion of Diet Drugs, not the attorneys' fees and costs he may owe upon any successful resolution of his claim. Numerous other courts to address this issue have similarly concluded that the interest of discharged counsel is not sufficient for purposes of the interest requirement of Rule 24(a)(2). See, e.g., Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 177 (2d Cir. 2001); Susquenita Sch. Dist. v. G.W., Civil Action No. 1:10-cv-1897, 2012 WL 1268219, at *3-4 (M.D. Pa. Apr. 13, 2012).

Second, Ms. Jacobs and Mr. Harvey do not have an interest that will be impaired. A putative intervenor may

satisfy the impairment factor by showing "a tangible threat" to his or her legal interest such as "a significant stare decisis effect" or some other impact on their rights. <u>Brody ex rel. Sugzdinis v. Spang</u>, 957 F.2d 1108, 1123 (3d Cir. 1992). Ms. Jacobs and Mr. Harvey do not argue that they have an interest that will be impaired if they are not permitted to intervene; rather, they propose to intervene simply "to claim those amounts from any recovery that may be made." They do not demonstrate a tangible threat to any legal right.

Third, Ms. Jacobs and Mr. Harvey have not shown the representation of their interest, if any, may be inadequate. <u>Trbovich v. United Mine Workers of Am.</u>, 404 U.S. 528, 538 n.10 (1972). In fact, the interests of Mr. Danos are aligned with the interests of Ms. Jacobs and Mr. Harvey to the extent that it is the goal of each of them to secure the maximum recovery on behalf of Mr. Danos.

For the foregoing reasons, we conclude that Ms. Jacobs and Mr. Harvey have failed to demonstrate they are entitled to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Therefore, we will deny their motion for leave to file a petition for intervention.