IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIZA VALIDO-SHADE, et al. | : | MDL DOCKET NO. 1203 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| WYETH LLC, et al. | : | NO. 12-20003 |

## MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 9355

Bartle, J.                                    September 26, 2014

Before the court is the motion of plaintiffs Liza Valido-Shade and her husband Tim Shade to transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses, in the interest of justice." Plaintiffs also have filed an emergency motion to stay any decision on defendants' pending Daubert motion and motion for summary judgment until we have reached a decision on plaintiffs' motion to transfer. Defendants oppose plaintiffs' motions.

Plaintiffs originally filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania on May 9, 2012. It was timely removed on the basis of diversity of citizenship. Valido-Shade alleges that she has suffered from Pulmonary Arterial Hypertension ("PAH") (formerly known as Primary Pulmonary Hypertension) as a result of ingesting defendant Wyeth's diet drugs known as Pondimin®, Redux™, and Phentermine ("Fen-Phen").

This action is similar to the many PAH cases against Wyeth over which the undersigned has presided as the judge overseeing Multidistrict Litigation No. 1203 ("MDL 1203") involving Wyeth's diet drugs.  For discovery purposes this case has been treated as part of MDL 1203, even though it is not a tag-along action since it was filed originally in the state court in Pennsylvania and removed here.  See Pretrial Order ("PTO") No. 3370 in MDL 1203.

While plaintiffs initiated the action in the state court in Philadelphia, they have never resided in this district.  Nor has Valido-Shade been prescribed or ingested diet drugs or received medical treatment in this forum.  Rather, she maintains that the diet drugs were prescribed to her by a Florida physician while she and her husband lived in that state.  Sometime thereafter she moved to Illinois where the onset of her medical condition allegedly manifested itself and where she made her home at the time this lawsuit was filed.  Her treatment took place in both Illinois and Missouri. Plaintiffs have now returned to live in Florida where Valido-Shade is continuing to secure medical care.

During the two years since the case was removed to this court, the parties have completed their fact and expert discovery pursuant to PTO No. 3370 except for expert discovery on damages.  It was not until after defendants filed a Daubert motion and a motion for summary judgment that plaintiffs moved for transfer to the Southern District of Florida.

-2-

This is an unusual situation in that the plaintiffs and not the defendants are moving to transfer venue. The motion also comes much later in the case than is customary. Generally, this court looks to the seminal decision by our Court of Appeals in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995) in deciding whether to grant a motion under § 1404(a). In that case, the court stated that the moving party bears the burden of establishing that transfer is justified. Id. at 879. The Jumara court also explained that § 1404(a) "was intended to vest district courts with broad discretion to determine, on an individualized case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id. at 883. While Jumara noted that "plaintiff's choice of venue should not be lightly disturbed," the court then directed that various private and public interests should be considered.[1] Id. at 879.

The private interests to be considered pursuant to Jumara include the preference of the parties, the place where the claim arose, the convenience of the parties "as indicated by their relative physical and financial condition," the convenience of the witnesses but only to the extent of their unavailability for trial in one forum, and the location of books and records, again to the extent that they could not be produced in one forum. Id.

---

1. When the plaintiff does not reside in the district and the operative facts did not occur in the forum, the choice of the plaintiff is given less weight. Cable v. Allied Interstate, Inc., No. 12-96, 2012 WL 1671350, at *3 (E.D. Pa. May 11, 2012).

-3-

Among the public interests are the enforceability of the judgment, practical considerations that affect whether the trial is "easy, expeditious, or inexpensive," court congestion, local interest in having local controversies decided locally, public policies of the fora, and familiarity of the judge with applicable state law in diversity cases. Id. at 879-80.

Our Court of Appeals has not had occasion to speak about the proper analysis where a plaintiff, as opposed to a defendant, has filed a motion to transfer. Courts facing this issue have generally concluded that a plaintiff's motion for change of venue should be granted only when there are changed circumstances which have arisen since the time when the suit was instituted or when there is some basis in the interest of justice for transfer upon balancing the various § 1404(a) factors. E.g., Moore v. McKibbon Bros., Inc., 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998); Anglo American Ins. Group, P.L.C. v. Calfed, Inc., 916 F. Supp. 1324, 1328-30 (S.D.N.Y. 1996); James v. Daley & Lewis, 406 F. Supp. 645, 648-49 (D. Del. 1976).

Plaintiffs emphasize that they have moved to Florida from Illinois, their home when they filed their complaint in May 2012. Illinois and Florida, however, are both more than 700 miles from Philadelphia. Thus, any need for plaintiffs to travel from Florida to Pennsylvania, rather than from Illinois to Pennsylvania, in and of itself, is a change without substance for venue purposes. In addition, as far as the record discloses, the location of fact witnesses including the prescribing and treating physicians and the

-4-

location of records have not changed in any meaningful way since 2012. Plaintiffs chose Pennsylvania as their forum with full knowledge of its distance from their residence and of any resulting inconvenience and have continued to litigate this matter here for over two years without any apparent impediment.

Plaintiffs' attorneys also rely on Valido-Shade's current difficulty in being able to travel. In plaintiffs' reply brief in support of their motion to transfer, their attorneys furnished for the first time an explanation of plaintiffs' decision to move to Florida. The attorneys state that the move "was a result of Plaintiff Liza Valido-Shade's declining health and Plaintiffs' desire to be closer to family in order to receive more significant support, assistance, and care to deal with her ever deteriorating condition as a result of ingesting Wyeth's products." We fully recognize that deterioration in one's medical condition can be a changed circumstance for venue purposes, and such a changed circumstance may very well exist here. Unfortunately, this information about Valido-Shade's recent health situation is not supplied by way of an affidavit from plaintiffs or from someone who has personal knowledge such as a health care provider. Instead, it is simply a hearsay statement of her attorneys.[2] It is a well-settled

2. Timothy Bunson, Esquire, one of plaintiffs' attorneys, submitted an affidavit with plaintiffs' reply brief. He is located in Oklahoma. He states that "the description of motivation for plaintiffs' return of permanent residence to the state of Florida is in accordance with representations made to me by plaintiffs." Omitted is any representation that he has personally observed Valido-Shade or that defendants concede the point.

-5-

principle that the court does not consider an attorney's factual
assertions in a brief to be a part of the record unless these facts
are stipulated to or are a matter of public record. E.g., United
States v. Gazda, 499 F.2d 161, 164 (3d Cir. 1974); Kauffman v.
Johnston, 454 F.2d 264, 266 (3d Cir. 1972).

Even if plaintiffs have shown changed circumstances or if
such a showing is not necessary, there are compelling reasons why
plaintiffs have not met their burden at this time to justify a
transfer under § 1404(a) to the Southern District of Florida.  As the
judge presiding over the diet drug MDL 1203 for the last thirteen
years, this court has extensive familiarity with Daubert and other
issues that arise in a PAH lawsuit such as the one now pending.  When
a case is transferred to the transferee court by the MDL panel, it
generally remains there for all pretrial proceedings.  See 28 U.S.C.
§ 1407.  Only after these proceedings are completed is the case
returned by the MDL panel to the transferor court for trial.  See
id.  This action is still in the pretrial stage.

Plaintiffs give no reason why they are inconvenienced by
having this court decide defendants' Daubert and summary judgment
motions.  Neither the plaintiffs nor any fact witnesses will need
to travel to Philadelphia for these proceedings.  While this action
may not technically be an MDL case since it originated here, it is
analogous to one.  It is similar to the other PAH cases before the
undersigned under the rubric of MDL 1203.  It would be a waste of
judicial resources and would needlessly add to the expense of the

-6-

parties to move the action at this time to another district and a new judge.  See Jumara, 55 F.3d at 879-80.

           In support of their motion to transfer venue, plaintiffs cite this court's decision in Heineman v. Wyeth, PTO No. 9099, No. 12-20002 (June 26, 2013), a PAH action which the court transferred to the Southern District of Florida.  Heineman is distinguishable from this matter in two ways.  First, in Heineman, it was the defendants, and not the plaintiffs, who had moved to transfer the action to a different venue.  Second, although Heineman resembled this matter in that it related to the pending multidistrict litigation No. 1203 without actually being part of that litigation, there were no pending motions in Heineman when defendants in that case moved for transfer.  In contrast, plaintiffs' case is still in the pretrial stages.  As a result, Heineman is inapposite.

           Accordingly, the motion of plaintiffs for transfer of this action under 28 U.S.C. § 1404(a) to the Southern District of Florida will be denied.  Plaintiffs' emergency motion to stay will be denied as moot.

-7-